PEOPLE'S FURNITURE & APPLIANCE CO. *v.* HEALY.

1. FRAUD—RELIANCE—FUTURE OR CONTINGENT EVENTS.
   An action for fraud will lie for a material misrepresentation or statement with regard to future or contingent events, where party making the statement knows the other party is guided by such statements and such other party has a right to rely thereon.

REFERENCES FOR POINTS IN HEADNOTES
[1] 23 Am Jur, Fraud and Deceit § 35.
   Promises and statements as to future events as fraud.   125 ALR 879.
[2] 23 Am Jur, Fraud and Deceit §§ 111, 112.
[3] 23 Am Jur, Fraud and Deceit § 155 *et seq.*
[4] 24 Am Jur, Fraud and Deceit § 288.

2. SAME—WAREHOUSE—REPRESENTATION AS TO FLOODING.

Representation of real-estate agent that warehouse property was free from flooding, in reliance upon which plaintiff furniture dealer made deposit sought to be recovered after discovery of possibility of flooding *held,* sufficiently material to justify plaintiff's refusal to proceed with the purchase and in demanding return of deposit, where the proofs are clear that the possibility of flooding had not been eliminated, still exists, and flood insurance was not obtainable, the loss to the plaintiff was serious and has inured to the benefit of defendant even though the latter may not have intended to deceive plaintiff.

3. SAME—RELIANCE ON MISREPRESENTATION.

The fact that plaintiff might have ascertained situation from others with respect to property for which he made a deposit is no defense to party making a misrepresentation relied on by plaintiff in action for fraud, where he had a right to rely on defendant's misrepresentation.

4. SAME—WAREHOUSE—FLOODING—EVIDENCE.

Proofs adduced in plaintiff's action against real-estate sales agent for recovery of deposit made on purchase of warehouse *held,* sufficient to support plaintiff's contention that he relied upon defendant's material misrepresentation that the property was free from flooding, where proofs show, among other things, that flood insurance was unobtainable, as the trial judge had the benefit of observation of the witnesses.

Appeal from Genesee; Parker (Donn D.), J. Submitted January 2, 1962. (Docket No. 11, Calendar No. 48,820.) Decided March 15, 1962.

Case by People's Furniture & Appliance Co., a Michigan corporation, against Gerald F. Healy for return of deposit on real-estate transaction because of fraud in representing property offered for sale. Judgment for plaintiff. Defendant appeals. Affirmed.

*Weiss, Damm & Collins,* for plaintiff.

*Winegarden, Booth & Ricker,* for defendant.

Adams, J. This is a suit for the return of a $5,000 deposit. Defendant was the real-estate sales agent for the owner of a warehouse. The purchase price of the warehouse was to be $250,000. The plaintiff claims that the defendant represented that the property was free from flooding, that in reliance upon such representation, the deposit was made and that plaintiff elected not to complete the transaction when it discovered that there was a possibility of flooding.

Defendant retained the $5,000 deposit on instructions from the owner of the property "for his trouble." The cause was tried before the circuit judge without a jury. The judge found for the plaintiff.

Defendant appeals, claiming that there was no fraud, as a matter of law, because (1) no material misrepresentation was made; (2) if a representation was made, it was not false; (3) if a misrepresentation was made, defendant did not know it was false, and did not make it recklessly without knowledge of its truth and as a positive assertion; (4) if a misrepresentation was made, the defendant did not make it with the intention that the plaintiff would act upon the misrepresentation; (5) that the plaintiff did not act in reliance on the misrepresentation; and finally, (6) that the plaintiff did not suffer any injury. Defendant says that each of these elements "must be proved with a reasonable degree of certainty," citing *Columbus Pipe & Equipment Company* v. *Sefansky,* 352 Mich 539; *Candler* v. *Heigho,* 208 Mich 115, 121; *Marshall* v. *Ullmann,* 335 Mich 66, 73, and he claims that plaintiff's proofs fail in such regard.

There is a conflict in testimony as to what was said with reference to the possibility of flooding. Defendant testified:

"The Hollway dam was discussed, and in connection with it I said there was some hope at the time it was built that it might be mitigating influence, that the flood in 1947 was known as a 50-year flood, and there was a possibility of recurrence but a fairly small one."

Plaintiff's president testified that he was told that the possibility of damage by flood had been eliminated and that he took the defendant's word for it.

Defendant specializes in the sale of real estate in downtown Flint. He is a graduate civil engineer, a former president of the real-estate board of Flint, a former president of the Michigan Real Estate Association, and has been active in other real-estate organizations.

The plaintiff is in the furniture business. The proofs show that if plaintiff were to occupy the warehouse and a flood occurred, it could cause substantial damage to plaintiff's inventory. It is uncontroverted that the plaintiff was unable to obtain flood insurance for the property.

Defendant, an experienced real-estate man and a civil engineer, volunteered his statement. He did so apparently in an effort to persuade plaintiff to buy the property. Under the circumstances, plaintiff had a right to rely on the same. Where one knows that the other party is guided by his statements, an action for fraud will lie, even though the representation or statement is with regard to future or contingent events. 23 Am Jur, Fraud and Deceit, § 37, p 798.

The representation, if made, was undoubtedly material and affected the value of the property, particularly for the use for which plaintiff sought to acquire it. If, as a matter of fact, the possibility of flooding had not been eliminated, plaintiff was justified in refusing to proceed with the purchase and in demanding the return of the deposit. The

proofs are clear that the possibility of flooding had not been eliminated and still exists today.

As a result of this transaction, the loss to the plaintiff has inured to the benefit of the defendant. *Aldrich* v. *Scribner,* 154 Mich 23, 28 (18 LRA NS 379). The consequences were serious to plaintiff even though defendant may not have intended to deceive plaintiff. *Sullivan* v. *Ulrich,* 326 Mich 218.

The fact that plaintiff might have ascertained the situation from others is no defense if plaintiff had a right to rely on defendant's representations. *Yanelli* v. *Littlejohn,* 172 Mich 91; *Steele* v. *Banninga,* 225 Mich 547; *Groening* v. *Opsata,* 323 Mich 73.

Basically, the question is one of fact. The proofs contained in the record are sufficient to support the contentions of the plaintiff. The trial judge had the benefit of observation of the witnesses. *Columbus Pipe & Equipment Company* v. *Sefansky, supra.*

The judgment is supported by the record. It is affirmed, with costs to the plaintiff and appellee.

Dethmers, C. J., and Carr, Kelly, Black, Kavanagh, Souris, and Otis M. Smith, JJ., concurred.