BORLAND-McBREARTY *v.* BIANCO

1. PRINCIPAL AND AGENT—AGENCY—AUTHORITY—MISREPRESENTATION.

    An agent is liable for misrepresentation of authority where she represents that she has a power of attorney to sell real property of another and does not in fact have this authority.

2. PRINCIPAL AND AGENT—AGENCY—AUTHORITY—MISREPRESENTATION—ELEMENT OF TORT.

    Findings of fact by trial judge that defendant told plaintiff real estate broker that she had a power of attorney to sell the house of third persons, that plaintiff relied on the representation, that defendant had no power of attorney, that plaintiff procured an offer to purchase at the price requested, that defendant signed the names of the sellers to the purchase agreement and claimed that she had power of attorney to do so, and that when one of the sellers refused to sell plaintiff lost the commission it would have received are sufficient to support a judgment for plaintiff in an action for misrepresentation.

Appeal from Wayne, George T. Martin, J. Submitted Division 1 February 9, 1970, at Detroit. (Docket No. 6,903.) Decided February 24, 1970.

Complaint by Borland-McBrearty, a partnership, against Bessie Bianco for fraud and misrepresentation. Judgment for plaintiff. Defendant appeals. Affirmed.

*Emil D. Berg,* for plaintiff.

*Michael Kranson,* for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 3 Am Jur 2d, Agency §§ 300, 340.
  37 Am Jur 2d, Fraud and Deceit § 320.

Before: QUINN, P. J., and R. B. BURNS and FITZGERALD, JJ.

PER CURIAM. The action on which plaintiff recovered judgment below in a non-jury trial and the action which we review is stated in count 2 of plaintiff's amended complaint. It is an action for damages resulting from misrepresentation of authority by defendant, an agent, to plaintiff. It is an action in tort for fraud. It is not an action for a real estate commission as defendant contends.

In this posture, the relevant issues on appeal are the liability of an agent for misrepresentation to a third person, are the findings of fact clearly erroneous, and, if not, do they support the judgment?

An agent is liable for misrepresentation of authority. Restatement Agency, 2d, § 330, p 86; 3 Am Jur 2d, Agency, § 300, p 659; *Charvat* v. *Gildemeister* (1923), 222 Mich 286.

The following findings of fact by the trial judge are supported by the record and are not clearly erroneous, GCR 1963, 517.1: that defendant told plaintiff she had power of attorney to sell the house involved and that plaintiff relied on this representation. That plaintiff procured an offer to purchase at the price requested. That defendant signed the names of the sellers to the purchase agreement and claimed she had power of attorney to do so. That defendant had no power of attorney, and when the wife of the seller refused to sell, plaintiff lost the commission it would have received if defendant had had the authority she represented she possessed.

These findings support the judgment. The other issues raised by defendant are not relevant and *Snider* v. *Dunn* (1968), 11 Mich App 39, is inapposite.

Affirmed with costs to plaintiff.