RIDDLE v LACEY & JONES

Docket No. 72011. Submitted April 5, 1984, at Lansing.—Decided
June 5, 1984. Leave to appeal applied for.

Fred J. Riddle filed a workers' compensation claim alleging
injuries sustained during the course of his employment with
U. S. Truck Company, Inc. Mr. Riddle thereafter died from lung
cancer prior to a determination of the workers' compensation
claim. Frances J. Riddle, wife of the deceased, having released
her husband's attorney and withdrawn the petition for compen-
sation benefits, appeared at a redemption hearing before a
workers' disability compensation hearing officer and indicated
her agreement with a redemption settlement whereby U. S.
Truck would issue to her a check in the amount of $1,024.50,
she would endorse and return the check to U. S. Truck and
U. S. Truck would forward the check to the Teamster's Health
and Welfare Fund. The amount of the check represented the
past due premiums which U. S. Truck was responsible for
paying on a life insurance policy on the life of the deceased. It
was the belief of the parties that the Teamster's Health and
Welfare Fund, upon receipt of the past due premiums, would
reinstate the life insurance policy and Mrs. Riddle would
receive life insurance proceeds in the amount of $15,000. At the
redemption hearing, U. S. Truck was represented by Charles E.
Mann of the law firm of Lacey & Jones. Mrs. Riddle was not
represented by counsel, although she indicated that she had
discussed the terms of the settlement agreement with several
attorneys. A redemtion order was entered in accordance with
the settlement agreement. After the order became final, U. S.
Truck issued the check to Mrs. Riddle, who endorsed the check
and returned it to Mr. Mann, who forwarded the check to U. S.
Truck, which sent the check to the Teamster's Health and
Welfare Fund. The Teamster's Health and Welfare Fund re-
fused to accept the check and reinstate the life insurance

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading §§ 71 et seq., 230 et seq.
[2] 37 Am Jur 2d, Fraud and Deceit § 220.
[3] 3 Am Jur 2d, Agency § 293 et seq.
[4] 61A Am Jur 2d, Pleading § 310.

policy. Mrs. Riddle, individually and as representative of her late husband's estate, commenced an action against U. S. Truck seeking to enforce the redemption agreement. After U. S. Truck filed a bankruptcy petition, Mrs. Riddle, in both her individual and representative capacities, commenced in Oakland Circuit Court an action against the law firm of Lacy & Jones and Charles E. Mann, alleging that the failure of U. S. Truck to honor the terms of the redemption agreement gave rise to liability on the part of defendants. Count I of the complaint alleged liability on the part of defendant Mann on the theory of negligent misrepresentation. Count II of the complaint alleged liability on the part of defendant Mann on the theory of promissory estoppel. Count III of the complaint alleged liability on the part of defendant law firm on the basis of the doctrine of *respondeat superior.* Defendants moved for summary judgment on the basis that plaintiff had failed to state a cause of action upon which relief could be granted. Frederick C. Ziem, J., granted defendant's motion for summary judgment. Plaintiff appealed. *Held:*

1. Since plaintiff never alleged that Mann's representations were false, the first count of plaintiff's complaint must be treated as alleging innocent misrepresentation. To recover for innocent misrepresentation one must plead and show not only that one has suffered an injury but also that one's injury caused a benefit to inure to the person making the misrepresentation. Since any injury to plaintiff from any innocent misrepresentation by Mann inured to the benefit of U. S. Truck rather than to Mann or the law firm, which would be paid in any event, plaintiff has failed to plead a valid claim for innocent misrepresentation against the defendants.

2. A valid basis for liability on the part of either the individual defendant or the law firm on an agency principal was not pled in that, since U. S. Truck was a disclosed principal, U. S. Truck's failure to perform does not give rise to liability on the part of its agents, the defendants.

Affirmed.

1. Motions — Summary Judgment — Failure to State a Claim.

A motion for summary judgment on the ground that the opposing party failed to state a claim upon which relief can be granted is decided with reference to the pleadings alone and tests only the legal and not the factual sufficiency of the pleadings; all well-pleaded facts are accepted as true and summary judgment is appropriate where the claims are so clearly unenforceable as a

matter of law that no factual development could possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. FRAUD — ACTIONS — INNOCENT MISREPRESENTATION.
Michigan recognizes an action for damages arising out of an innocent misrepresentation where the party relying on the misrepresentation suffers a loss because of the misrepresentation and the loss of that party inures to the benefit of the party making the innocent misrepresentation.

3. AGENCY — DISCLOSED PRINCIPAL — PARTIES — AGENT.
An agent, in general, cannot be held liable for his principal's failure to perform where at all relevant times the party with whom the agent is dealing has notice that the agent is acting for a principal and of the principal's identity; in the absence of other facts, the inference is that the parties have agreed that the principal is, and the agent is not, a party to any agreement.

4. PLEADING — MOTION TO AMEND PLEADINGS.
A motion to amend pleadings is addressed to the discretion of the trial court (GCR 1963, 118).

*Robert L. O'Connell & Associates* (by *Patrick J. Brennan),* for plaintiff.

*Collins, Einhorn & Farrell, P.C.* (by *Brian Einhorn* and *Noreen L. Slank),* for defendants.

Before: DANHOF, C.J., and R. B. BURNS and GRIBBS, JJ.

PER CURIAM. Plaintiff appeals as of right the circuit court's order of summary judgment pursuant to GCR 1963, 117.2(1), dismissing plaintiff's complaint against defendants.

Plaintiff's husband, Fred J. Riddle, was employed by U. S. Truck Company, Inc. After filing a worker's compensation claim against U. S. Truck for alleged injuries sustained during the course of his employment, Mr. Riddle died. Charles E. Mann (hereinafter defendant), a member of the defendant law firm Lacey & Jones, represented U. S. Truck

in the worker's compensation proceedings. Plaintiff appeared *in propria persona* at the redemption hearing, having released her husband's attorney and withdrawn the petition for worker's compensation benefits. At the hearing, plaintiff entered into a settlement agreement with U. S. Truck whereby the company would issue a check to her for $1,024.50, which she would endorse and return to U. S. Truck. The money would then be used to pay the overdue premiums, which U. S. Truck was responsible for paying, on Mr. Riddle's life insurance policy with Teamster's Health and Welfare Fund. The life insurance policy was then to be reinstated, and plaintiff would receive $15,000, the face value of the policy. Plaintiff testified that she understood the settlement agreement and that she had discussed its terms with several attorneys, with a representative of the Teamster's Health and Welfare Fund and with defendant.

A redemption order was issued in accordance with the terms of the settlement agreement. After the order became final, defendant sent U. S. Truck's check to plaintiff, who endorsed and returned it to defendant. Defendant forwarded the check to U. S. Truck, who then sent it to the Teamster's Health and Welfare Fund. The Teamster's Health and Welfare Fund refused to accept the check and reinstate the life insurance policy.

On December 31, 1981, plaintiff filed a complaint against U. S. Truck, seeking to enforce the redemption agreement. U. S. Truck, which was self-insured for workers' compensation liability benefits, later filed a bankruptcy petition in the federal bankruptcy court and plaintiff's complaint was automatically stayed pursuant to 11 USC 362(a)(1).

Plaintiff filed the instant complaint on August 4, 1982. She alleged that defendant breached a duty

to refrain from negligently misrepresenting the intentions and conduct of U. S. Truck "and others" regarding the settlement agreement. Plaintiff also alleged promissory estoppel against defendant. Plaintiff alleged liability on the part of defendant Lacey & Jones based on the doctrine of *respondeat superior.* Defendants moved for summary judgment pursuant to GCR 1963, 117.2(1), which was granted by order of the trial court on June 7, 1983.

We find that the trial court properly granted summary judgment to defendants. A motion for summary judgment pursuant to GCR 1963, 117.2(1) is tested with reference to the pleadings alone and tests only the legal and not the factual sufficiency of the pleadings. All well-pleaded facts are accepted as true, and this Court looks to whether plaintiff's claims are so clearly unenforceable as a matter of law that no factual development can possibly justify recovery. *Merit Electric Co, Inc v J Boyle, Inc,* 77 Mich App 503; 258 NW2d 539 (1977).

Count I of plaintiff's complaint alleges negligent misrepresentation on the part of defendant in representing the intentions of U. S. Truck "and others". Since plaintiff never alleges in her complaint that defendant's representations were false, we interpret this count to be an allegation of "innocent misrepresentation" rather than "traditional misrepresentation" or "ordinary fraud". The doctrine of "innocent misrepresentation" has long been recognized in Michigan. *Converse v Blumrich,* 14 Mich 109; 90 Am Dec 230 (1866). This doctrine differs from the traditional rule of misrepresentation in that it requires that the misrepresentation, which may have been innocently made, cause the victim not only to suffer injury, but also that the injury inure to the benefit of the other.

*United States Fidelity & Guaranty Co v Black,* 412 Mich 99, 115-118; 313 NW2d 77 (1981). Here, plaintiff has failed to allege any benefit which would inure to defendant as a result of her injury. Even had this element been pled, no factual development could possibly justify recovery. The injury suffered by plaintiff was either the loss of her claim against U. S. Truck or the loss of the $15,000 insurance benefit caused by the Teamster's Health and Welfare Fund's refusal to reinstate the life insurance policy. In either event, the loss did not inure to the benefit of defendant, who received a fee for his services regardless of whether plaintiff was ever paid.

*Borland-McBrearty v Bianco,* 22 Mich App 42; 176 NW2d 712 (1970), relied upon by plaintiff, is inapposite. Plaintiff's complaint does not allege the existence of any warranty of authority and it is clear from the review of the record that defendant never held himself out as acting on behalf of the Teamster's Health and Welfare Fund. We likewise find *People's Furniture & Appliance Co v Healy,* 365 Mich 522; 113 NW2d 802 (1962), to be distinguishable. In *Helay,* unlike the situation in the present case, the defendant's benefit was a direct result of the fraud perpetrated on the plaintiff.

We also find plaintiff's complaint to be deficient based upon principles of agency law as summarized in 2 Restatement Agency, 2d, § 320, p 67:

"Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract."

Comment (a) to § 320 explains, in pertinent part:

"Whether or not a person purporting to act as agent

for another becomes a party to the contract depends upon the agreement between such person and the other party. See § 146. As stated in Section 4, *a principal is disclosed if, at the time of making the contract in question, the other party to it has notice that the agent is acting for a principal and of the principal's identity.* One who purports to contract on behalf of a designated person does not manifest by this that he is making a contract on his own account, and only where he so manifests does the agent become a party to the contract which he makes for the principal. *In the absence of other facts, the inference is that the parties have agreed that the principal* is, and the agent is not, a party." (Emphasis added.)

As an agent for a disclosed principal, defendant cannot be held liable for his principal's failure to perform. Count II of plaintiff's complaint, based upon promissory estoppel, is not viable because of these agency principles. Any promise made by defendant was clearly made on behalf of his principal, U. S. Truck.

Count III of plaintiff's complaint alleged liability on the part of defendant Lacey & Jones based upon the doctrine of *respondeat superior.* Since we find that summary judgment was correctly granted as to Counts I and II, this derivative count was also properly dismissed.

We find no error in the trial court's refusal to allow plaintiff to amend her complaint by alleging additional causes of action in her trial brief. The grant or denial of a motion to amend is within the discretion of the trial judge. GCR 1963, 118. Plaintiff's additional theories were not properly brought before the trial court. No abuse of discretion occurred. Our holding on the previous two issues obviates the need to address plaintiff's remaining contention.

Affirmed. Costs to defendants.