## BIG BEAR MARKETS OF MICHIGAN, INC., *v.* LIQUOR CONTROL COMMISSION.

1. INTOXICATING LIQUORS—LICENSES—PROXIMITY TO CHURCH OR SCHOOL BUILDING.

   The prohibition against the granting of a new liquor license for a location within 500 feet of a church or school building, as determined pursuant to statutory formula, is positive and unequivocal and does not depend upon whether consent is expressly given or objections raised (CLS 1954, § 436.17a).

2. STATUTES—CONSTRUCTION.

   A bare reading of a statute suffices and no interpretation is necessary if the language employed therein is plain, certain and unambiguous.

3. INTOXICATING LIQUORS—LICENSES—PROXIMITY TO CHURCH OR SCHOOL—WAIVER OF PROTECTION.

   The legislature has not empowered a church or school to waive the protection extended to it by the statute prohibiting the issuance of a new liquor license to a licensee whose place of business is within 500 feet thereof as determined pursuant to statutory formula (CLS 1954, § 436.17a).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 30 Am Jur, Intoxicating Liquors § 343 *et seq.*
[2] 50 Am Jur, Statutes § 225.

4. SAME—LICENSES—PROXIMITY TO CHURCH—EVIDENCE OF WAIVER.
    Once it was established that a specially designated merchant's
    license had been improperly issued to a licensee within 500
    feet of a church, trial court properly denied motion to take
    further testimony for purpose of showing that the governing
    authority of the church in question was willing to waive any
    rights it might have to object to the conduct of such business
    at licensee's store (CLS 1954, § 436.17a).

.5. COSTS—PUBLIC QUESTION—CONSTRUCTION OF STATUTES—LIQUOR
    LICENSE.
    No costs are allowed in suit to enjoin liquor control commission
    from revoking improperly issued specially designated mer-
    chant's license in which issues of statutory construction and
    of public interest were involved (CLS 1954, § 436.17a).

Appeal from Wayne; Fox (Raymond W.), J., pre-
siding. Submitted April 11, 1956. (Docket No. 30,
Calendar No. 46,728.) Decided May 14, 1956.

Bill by Big Bear Markets of Michigan, Inc., a cor-
poration, against the Michigan Liquor Control Com-
mission to restrain cancellation of specially desig-
nated merchant's liquor license because of proximity
to church. Bill dismissed. Plaintiff appeals. Af-
firmed.

*Honigman, Miller & Schwartz* (*Jason L. Honig-
man* and *Howard L. Radner,* of counsel), for plain-
tiff.

*Thomas M. Kavanagh,* Attorney General, *Edmund
E. Shepherd,* Solicitor General, and *Daniel J. O'Hara*
and *James J. Rossie,* Assistants Attorney General,
for defendant.

CARR, J. This is a suit in equity for injunctive
relief. The facts are not in dispute. In August,
1953, defendant commission issued to plaintiff a spe-
cially designated merchant license authorizing the
sale of beer and wine at plaintiff's store located on

West Davison street in the city of Detroit.  The bill of complaint averred that plaintiff made various expenditures to prepare for the handling of the business in question and created substantial facilities therefor.

On April 22, 1954, defendant commission notified plaintiff that the license in question would be canceled on April 26th, following, and that plaintiff should in consequence liquidate its inventory before that date.  The notice further specified that the action taken was based on section 17a of the State liquor law, hereinafter quoted.  Defendant's action followed the decision of this Court in *Elliott* v. *Liquor Control Commission,* 339 Mich 78, which construed the pertinent provision of the statute with reference to the method to be observed in computing the distance between an establishment seeking a license permitting the sale of liquor and a church or school in proximity thereto, for the purpose of determining whether the granting of such license is prohibited.

Claiming that the issuance of the license to it was not in violation of the statute plaintiff sought injunctive relief.  On the filing of the bill an order was issued requiring defendant to show cause why a temporary injunction should not issue restraining it from making the contemplated revocation.  Said order contained a clause restraining defendant from taking the action in question pending a hearing. Return to the order was duly made in the form of an answer to the bill of complaint.  Thereafter the parties entered into a stipulation of facts, agreeing therein that under the decision in the *Elliott Case* plaintiff's place of business on Davison street was 102 feet from the Bethlehem Finnish Lutheran Church located on Indiandale avenue in the city of Detroit.  The stipulation further set forth that neither party desired to offer testimony, and that the

case might be submitted for decision upon the basis of this stipulation together with an attached exhibit showing the relative locations of plaintiff's store and said church.

Under date of June 16, 1955, plaintiff filed a motion asking that it be allowed to introduce evidence for the purpose of showing that the Bethlehem Finnish Lutheran Church did not object to plaintiff's sale of beer and wine at its said store and was willing to waive any rights that it might have with reference thereto. On the hearing of said motion the pastor of the church was called as a witness and, over objection as to materiality, testified that so far as he knew no member of the official board or any member of the church objected to plaintiff's carrying on the business of selling beer and wine pursuant to the license. The witness further stated that the authority of the congregation was vested, by pertinent rules of church government, in the board of administration of said church. Another witness called, an employee of the plaintiff, testified that objections with reference to plaintiff's business had not been called to his attention. The court took under advisement the question as to whether further proofs should be received pursuant to the motion. In a written opinion subsequently filed it was held that, under the pertinent provision of the statute, such proof would be immaterial and that, in consequence, defendant's objection thereto was well-founded. An order was accordingly entered denying the motion, and subsequently, in accordance with the finding of the trial judge, the bill of complaint was dismissed. Plaintiff has appealed.

The carrying on of traffic in alcoholic liquors is regulated in this State by the provisions of the Mich-

igan liquor control act.*   Said measure provides for the granting of licenses under certain restrictions and limitations.   Section 17a thereof (CLS 1954, § 436.17a [Stat Ann 1955 Cum Supp § 18.988(1)]) reads as follows:

"Any new application for a license to sell alcoholic beverages at retail, or any request to transfer location of an existing license, shall be denied in the event the contemplated location is within 500 feet of a church or a school building.   Such distance between the church or school building and the contemplated location shall be measured along the center line of the street or streets between 2 fixed points on said center line determined by projecting straight lines, at right angles to the said center line, from the part of the church or school building nearest to the contemplated location and from the part of the contemplated location nearest to the church or school building: Provided, however, That this section shall not apply to any outstanding license issued prior to March 1, 1949, for a location within the aforesaid distance or to the renewal or transfer thereof at such location or to any resort license in effect during the 1948–1949 licensing year or to the renewal or transfer thereof at such location or to any application for a license at such location which has been approved by the commission prior to March 1, 1949, and all licenses so issued, renewed, transferred or approved shall be conclusively presumed to be valid for purposes of this amendatory act only."

The decision in the *Elliott Case, supra,* was followed by *Boys' Clubs of Detroit* v. *Pakula,* 342 Mich 150.   Under the above section as construed by this Court there can be no question as to the place of business of the plaintiff being within the prohibited distance from the Bethlehem Finnish Lutheran

* PA 1933 (Ex Sess), No 8, as amended (CL 1948 and CLS 1954, § 436.1 *et seq.* [Stat Ann and Stat Ann 1955 Cum Supp § 18.971 *et seq.*]).

Church. In consequence the sole question at issue is whether the inhibition imposed by the statute may be waived by consent of the church through its governing board. This presents an issue of statutory construction involving a determination as to the legislative intent. It will be noted that there is nothing in the section, above quoted, permitting the issuance of a license to sell alcoholic liquor in a place of business less than 500 feet from a church or school if no objections are made thereby or if consent is expressly given. The language used is positive and unequivocal. In terms the legislature has provided that under a situation of the nature here presented a license may not be granted.

In *City of Grand Rapids* v. *Crocker,* 219 Mich 178, 182, it was declared that:

"If the language employed in a statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary."

This statement of the applicable rule has been repeatedly quoted in later decisions, including *Bartkowiak* v. *Wayne County,* 341 Mich 333, 342. The power of the legislature to impose the restriction expressed in the statute is not challenged. In discussing a situation of like character it was said in *MacQueen* v. *City Commission of City of Port Huron,* 194 Mich 328, 342:

"The wording of the act is clear and plain. It is within the power of the legislature. It declares the law in distinct language. It is a cardinal rule that the legislature must be held to intend the meaning which it has plainly expressed, and in such cases there is no room for construction, or attempted interpretation to vary such meaning."

The foregoing statement may well be applied to the situation now before us. See, also, *Nordman* v. *Calhoun,* 332 Mich 460.

Counsel for plaintiff call attention to *Morse* v. *Liquor Control Commission*, 319 Mich 52, arguing in effect that certain language used in the opinion suggests that the purpose of the legislature in the enactment of section 17a of the liquor law was to protect churches and schools of the State from detriment resulting from proximity to places of business in which intoxicating beverages are sold. However, we find nothing in said opinion implying that a church or school may at its election waive the protection extended to it by the law. Had it been the intention of the legislature to permit such waiver, we have no doubt that express language to that effect would have been included in the section. The conclusion cannot be avoided that the legislature intended, for reasons of public policy, to impose an absolute restriction with reference to the issuance of licenses. The fact that in certain other States, to which counsel for appellant have directed attention, such waivers are *expressly* recognized by statute tends to emphasize the fact that the legislature of Michigan did not have such purpose in mind. We think appellant's argument is clearly answered in *Staiger* v. *Liquor Control Commission*, 336 Mich 630, 633, 634, where it was said:

"While a liberal construction of the act is suggested by the act itself (section 54*) and approved by this Court (*Morse* v. *Liquor Control Commission*, 319 Mich 52) in order that the intent and purposes of the law may be effectuated and particularly that churches, schools and the general public may be protected from any detriment arising out of the conduct of the liquor business, still it is not the province of this Court to alter or change the clear, distinct and unequivocal wording of a legislative enactment. If the statute in question lacked clarity, its wording

---

* CL 1948, § 436.54 (Stat Ann § 18.1025).—REPORTER.

might well require construction by the Court, but here we find neither vagueness nor doubt."

The trial court acted correctly in denying the motion to take further testimony for the purpose of showing that the governing authority of the church in question was willing to waive any rights that it might have to object to the carrying on of the liquor business in plaintiff's store, and in entering a decree dismissing the bill of complaint. Plaintiff's license was improperly granted and was, in consequence, subject to revocation by the liquor control commission.

The decree is affirmed. Inasmuch as the case involves issues of statutory construction and of public interest, no costs are allowed.

DETHMERS, C. J., and SHARPE, SMITH, BOYLES, KELLY, and BLACK, JJ., concurred.

The late Justice REID took no part in the decision of this case.