CARTER METROPOLITAN CHRISTIAN METHODIST EPISCOPAL
CHURCH v LIQUOR CONTROL COMMISSION

Docket Nos. 52457, 52522. Submitted April 13, 1981, at Detroit.—
Decided June 4, 1981. Leave to appeal denied, 411 Mich 1037.

Zia George Jalaba applied to the Liquor Control Commission for
a specially designated distributor license in order to sell liquor
at his food store. The application was opposed by the Carter
Metropolitan Christian Methodist Episcopal Church. At issue
was whether the church was located within 500 feet of the
store and thereby had standing to protest issuance of the
license. The church, which is located on a corner, has two
addresses and measurement from each results in different
distances to the store. The Liquor Control Commission found
that the church was not located within 500 feet of the store.
The church appealed to the Wayne Circuit Court for review of
the commission's findings. The court, Horace W. Gilmore, J.,
reversed the decision of the commission. The commission and
Mr. Jalaba appeal, alleging that the circuit court erred in its
determination that the church was located within 500 feet of
the store and that the commission has no authority to waive
the statutory prohibition against issuance of the license to an
establishment located within 500 feet of a church. *Held:*

1. The trial court did not err in its interpretation of the
statutory language in a manner which resulted in finding that
the church was located within 500 feet of the store. The statute
is susceptible to more than one interpretation, and the Legisla-
ture's intent to separate churches and schools from retail liquor
establishments should control the interpretation of the statute.

2. A statutory provision for waiver by the commission of the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 73 Am Jur 2d, Statutes §§ 145, 146.
[3] 45 Am Jur 2d, Intoxicating Liquors §§ 141, 142, 144.
Measurement of distances for purposes of enactment prohibiting
sale, or license for sale, of intoxicating liquor within given dis-
tance from church, university, school, or other institution or
property as base. 4 ALR3d 1250.
"Church" or the like, within statute prohibiting liquor sales within
specified distance thereof. 59 ALR2d 1439.
[4] 45 Am Jur 2d, Intoxicating Liquors § 26.

prohibition against certain classes of licensees applies to the facts in this case. Therefore, the commission has the discretionary power to issue a license following a hearing on the matter.

Affirmed in part, reversed in part and remanded.

1. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE INTENT.

The cardinal rule in interpreting a statute is to ascertain and give effect to the intent of the Legislature; if the language of the statute is unambiguous, giving ordinary words their plain and ordinary meaning, the intent of the Legislature should be determined accordingly and further construction is precluded.

2. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE INTENT.

The purpose and objective of a statutory enactment, including reference to extrinsic aids, are to be reviewed to find legislative intent where the language of the enactment is subject to more than one interpretation.

3. INTOXICATING LIQUORS — LICENSES — STATUTES.

The intent and purpose of the Legislature in enacting a provision which prohibits the issuance of certain liquor licenses to locations within 500 feet of a church or a school was to protect the churches and schools from any detriment stemming from the conduct of a liquor business within the immediate vicinity of those institutions (MCL 436.17a[1]; MSA 18.988[1][1]).

4. INTOXICATING LIQUORS — LICENSES — STATUTES — LIQUOR CONTROL COMMISSION.

The Liquor Control Commission has the discretion to waive the statutory prohibition against issuance of a liquor license to an establishment located within 500 feet of a church or a school (MCL 436.17a[1], [4]; MSA 18.988[1][1], [4]).

*Milstein & Jablin,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard I. Rubin* and *A. C. Stoddard,* Assistants Attorney General, for the Liquor Control Commission.

*Jaffe, Snider, Raitt & Heuer* (by *Brian G. Shannon* and *Thomas J. Tallerico*), for Zia George Jalaba.

Before: R. M. Maher, P.J., and R. B. Burns and M. J. Kelly, JJ.

M. J. Kelly, J. Defendants appeal as of right a decision of the lower court, which reversed a decision of the Michigan Liquor Control Commission finding that plaintiff church was not located within 500 feet of defendant Jalaba's supermarket. The conflicting decisions were made in response to the plaintiff's challenge to Jalaba's effort to secure an SDD (specially designated distributor) license[1] to sell liquor at his store.

In connection with an application for an SDD liquor license submitted by defendant Jalaba, the commission conducted an investigation to determine the distance between plaintiff church and defendant Jalaba'a store, Big Top Supermarket. Big Top Supermarket is located at 3888 West Warren in the City of Detroit. On March 15, 1979, a report was submitted to the commission which noted that the church had two addresses. The report concluded that if the church address was 3945 West Warren, the church was 203 feet from the distributor's proposed location, but if its address was 1512 West Grand Boulevard the church was 578 feet from the supermarket.

On August 16, 1979, a hearing was held to determine the street address of the church. At this hearing Reverend Elijah Davis, a minister at the church, testified that the church is located on the corner of West Warren and West Grand Boulevard in the City of Detroit and has two entrances. The

---

[1] MCL 436.2p; MSA 18.972(16) provides the statutory definitions of specially designated distributor:

" 'Specially designated distributor' shall mean a person engaged in an established business licensed by the commission to distribute alcoholic liquor other than wine under 16 per cent alcohol by volume and beer in the original package for the commission for consumption off the premises."

main entrance is on West Warren Avenue and consists of a large double doorway. The structure of the cathedral and the arrangement of the stairway and vestibule are designed to indicate a main entrance on West Warren. The second entrance faces West Grand Boulevard and is much smaller than the Warren entrance. the West Grand Boulevard entrance was said to be used only by those parishioners who park near that side of the church.

Two auxiliary buildings are also located on West Grand Boulevard, immediately behind and south of the cathedral. These buildings are not physically connected with the cathedral and are not used for religious services. One building is used as the church administrative office.

A letter addressed to counsel for defendant Jalaba from the City of Detroit, Environmental Protection and Maintenance Department, House Numbering Division, was also introduced into evidence. This letter confirms that the church has addresses on both West Warren and West Grand Boulevard. The letter states in pertinent part:

"City records indicate the church building on the southeast corner of West Warren Avenue and West Grand Boulevard having two entrances consequently has two addresses, 3945 West Warren and 1512 West Grand Boulevard. However our records do not indicate when these two numbers were assigned. Presumably they were assigned when the structure was built. We can not state that for a fact. In the case of a corner property with two addresses it is left to the property owner to designate which address will be used for business purposes.

"On February 1, 1979, at the request of a church representative this officer sent a letter to the church saying city records indicate that 3945 West Warren is

the street address assigned by our officer for the church building in question."

Further testimony indicated that the West Grand Boulevard address is listed in the Detroit telephone book as the address of the church and that the Detroit Council of Churches, Bresser's Cross Index of street addresses and the State of Michigan Corporation Section also list the West Grand Boulevard address.

The address of the building in which the church's administrative activities are conducted is 1510 West Grand Boulevard. Reverend Davis testified that the cathedral's 1512 West Grand Boulevard address is listed with the various agencies to facilitate mail delivery. He testified that there is no administrative office or staff located in the cathedral and that no one is present in the cathedral during the day to accept mail. The West Grand Boulevard address is used so that all the mail will be delivered to the office.

I

The appellants first argue that the lower court's interpretation of MCL 436.17a(1); MSA 18.988(1)(1)[2] was improper in that the distance between the properties was calculated from the church's main entrance (West Warren) rather

---

[2] The statute provides:

"A new application for a license to sell alcoholic beverages at retail, or a request to transfer location of an existing license, shall be denied in the event the contemplated location is within 500 feet of a church or a school building. The distance between the church or school building and the contemplated location shall be measured along the center line of the street or streets of address between 2 fixed points on the center line determined by projecting straight lines, at right angles to the center line, from the part of the church or school building nearest to the contemplated location and from the part of the contemplated location nearest to the church or school building."

than the side entrance (West Grand Boulevard) listed as the address in the above noted sources. The circuit court pinpointed the specific statutory language at issue and the following rationale for reversing the commission's determination:

"Here, the facts are clear. There is no dispute. The Warren Avenue entrance is within 500 feet of the church, and the West Grand Boulevard entrance is more than 500 feet from the church. The statute * * * requires that the distance between the two structures should be determined by using 'the street or streets of address.' In the situation such as this where the church has two entrances, the measurements should be taken from the address which represents the main entrance to the church. Here the main entranceway is on Warren and is within 500 feet of the proposed liquor establishment.

* * *

"The amendments of 1969 to Section 17a(1) involved the addition of the words 'of address' to the portion of the statute indicating how the distance between the two structures was to be measured. Prior to the amendment, the measurement was undertaken from the point of the church or the school closest to the proposed licensee. By amending the statute, the Legislature intended to fix a measuring point for each church or school which would best affectuate [sic] the legislative intent of separating churches and schools from liquor establishments. This intent was best brought about by fixing the point at the main entrances of the two structures, where most of the traffic would be concentrated.

"Therefore, the finding by the Liquor Control Commission that Section 17a(1), as amended, should be read to use the business address, when that address is not the one where most of the people enter the church, is not in keeping with legislative intent. The intent of the Legislature can best be effectuated by reading 'street or streets of address' as symbolizing and meaning the main entrance to the structure. The whole purpose of

the statute is to keep liquor establishments more than 500 feet away from where most people enter the church, and the main entrance to the church clearly is the one that must be considered 'street or streets of address'."

The rules governing our interpretation of a statute are well defined. The cardinal rule in such determinations is to ascertain and give effect to the Legislature's intent in enacting the provision. *City of Lansing v Lansing Twp,* 356 Mich 641, 648-649; 97 NW2d 804 (1959). If the language of the statute is unambiguous, the intent of the Legislature should be determined accordingly, *Avon Twp v State Boundary Comm,* 96 Mich App 736, 743; 293 NW2d 691 (1980), and further construction is precluded. Ordinary words are to be given their plain and ordinary meaning.

Where the disputed provision is subject to more than one interpretation, the purpose and objective of the enactment will be reviewed to find legislative intent. *Bennetts v State Employees Retirement Board,* 95 Mich App 616, 622; 291 NW2d 147 (1980), citing *Davis v Board of Education of School Dist for the City of River Rouge,* 73 Mich App 358, 363; 251 NW2d 585 (1977). Legislative intent may also be discerned by reference to extrinsic aids indicative of the statute's object and the problem to which it is addressed. *Consumers Power Co v Big Prairie Twp,* 81 Mich App 120, 156-157; 265 NW2d 182 (1978).

Applied to the instant facts, we find the disputed phrase "street or streets of address" susceptible of more than one interpretation. Thus, as noted above, we must look to the overall objective of the statute and any additional extrinsic aids to ascertain legislative intent.

The express intent behind the Legislature's en-

actment of MCL 436.17a; MSA 18.988(1) (prior to the amendment adding the words "of address" to the first section)[3] was noted in *Morse v Liquor Control Comm,* 319 Mich 52, 65-66; 29 NW2d 316 (1947):

"We recognize that the stated purpose of the act is to legalize and regulate the traffic in alcohol; and we are in accord with defendant that a liberal construction of a statute purporting to regulate does not imply complete prohibition unless the import of the legislative statement is clearly to that effect. Nevertheless, we are convinced that it was the express intent and purpose of the legislature in enacting section 17a of the liquor law to protect the churches and schools of the State from any detriment stemming from the conduct of a liquor business within the immediate vicinity of those institutions."

See also *Big Bear Markets of Michigan, Inc v Liquor Control Comm,* 345 Mich 569; 77 NW2d 135 (1956), and *Staiger v Liquor Control Comm,* 336 Mich 630; 59 NW2d 26 (1953).

[3] The statute in effect at that time was almost identical to the disputed provision in this case and stated:

"Any new application for a license to sell alcoholic beverages at retail, or any request to transfer location of an existing license, shall be denied in the event the contemplated location is within 500 feet of a church or a school building. Such distance between the church or school building and the contemplated location shall be measured along the center line of the street or streets between 2 fixed points on said center line determined by projecting straight lines, at right angles to the said center line, from the part of the church or school building nearest to the contemplated location and from the part of the contemplated location nearest to the church or school building: Provided, however, That this section shall not apply to any outstanding license issued prior to March 1, 1949, for a location within the aforesaid distance or to the renewal or transfer thereof at such location or to any resort license in effect during the 1948-1949 licensing year or to the renewal or transfer thereof at such location or to any application for a license at such location which has been approved by the commission prior to March 1, 1949, and all licenses so issued, renewed, transferred or approved shall be conclusively presumed to be valid for purposes of this amendatory act only."

In light of this express intent, we agree with the lower court that the statutory interpretation proposed by defendant Jalaba and adopted by the commission would thwart the protective intent of the act as a whole. In so holding, we note that it is not uncommon to find churches and schools with many entrances and adjoining different streets. Considering the large size of many such structures, it would not be unlikely that situations similar to that found herein would develop. We do not believe that the Legislature's addition of the words "of address" was intended to alter the statute's basic intent to separate churches and schools from retail liquor establishments. It is axiomatic that for most churches and schools the street of address will correspond with the structure's mailing address and main entrance. We thus find the lower court's interpretation of MCL 436.17a(1); MSA 18.988(1)(1) was not in error.

## II

The appellants also allege reversible error in the lower court's interpretation of MCL 436.17a(4); MSA 18.988(1)(4).[4] The trial court stated:

"The second issue is whether the prohibition against issuing the license is mandatory if the site is within 500 feet of the church. It is the contention of the Liquor Control Commission that the flat prohibition against the issuance of a liquor license to an establishment within 500 feet of a church was changed by the 1969 amendment of the statute.

---

[4] Subsection (4) provides:
"The commission may waive this section in the case of other classes of licenses. If an objection is not filed by the church or school, the commission may issue the license in accordance with this act. If an objection is filed, the commission shall hold a hearing in accordance with rules established by it before making a decision on the issuance of the license."

"The Court does not agree. The language of paragraph 17a(1) remains unchanged and unequivocal. The only addition was the addition of the language 'street or streets of address'. The statute says, 'A new application for a license to sell alcoholic beverages at retail * * * shall be denied in the event the contemplated location is within 500 feet of a church * * *'. Construing this language, the Court in *Big Bear Markets, supra,* stated, at page 575:

" 'The conclusion cannot be avoided that the legislature intended, for reasons of public policy, to impose an absolute restriction with reference to the issuance of licenses.'

"The statute has been amended, but the amendment only allows the Commission discretion with respect to certain licenses not covered under Section 17a(1). If the Legislature had intended to give the Commission discretion with respect to issuing retail liquor licenses to establishments within 500 feet of a church, the phrase 'shall be denied' in Section 17a(1) would have been replaced with a 'may be denied'. It was not."

Our review of subsection (4) and this Court's decision in *Westwood v Liquor Control Comm,* 35 Mich App 393; 192 NW2d 534 (1971), requires a contrary finding. In *Westwood,* the plaintiff's application for a Class C license[5] was denied by the Commissioner because the plaintiff's place of business was within 500 feet of a church. Subsequent to the commission's decision, § 17a was amended to include subsection (4). The *Westwood* Court held that "the commission now has discretionary power to issue a Class C liquor license to the plaintiff even though plaintiff's place of business may be within 500 feet of a church". *Westwood,* 394.

We find subsection (4) equally applicable to this case. The prohibition embodied in subsection (1) is

[5] A Class C license is defined in MCL 436.2t; MSA 18.972(20):

" 'Class C license' shall mean any place licensed to sell at retail beer, wine and spirits for consumption on the premises."

limited to "retailers" of liquor whose premises are within 500 feet of a church or school. Other handlers of liquor, including wholesalers, manufacturers and warehousemen, are not so limited. Additionally, subsection (2) of § 17a specifically permits granting licenses to retailers (specially designated merchants) within 500 feet who sell only beer and wine for consumption off the premises. Therefore, the waiver provision in subsection (4) cannot refer to the licensees noted in subsection (2), since their presence within 500 feet was never prohibited.

The only type of licenses to which subsection (1) could logically apply are those given to retailers of spirits for consumption off the premises, or retailers of beer, wine or spirits who sell for consumption on the premises. Thus, the lower court erred in finding subsection (4) of the statute inapplicable to the present case.

The decision of the Wayne County Circuit Court, insofar as it found defendant Jalaba's business to be within 500 feet of the plaintiff church, is affirmed. That aspect of the lower court's decision finding absolute the prohibition of MCL 436.17a(1); MSA 18.988(1)(1) is reversed and the case remanded to the Liquor Control Commission for a hearing pursuant to MCL 436.17a(4); MSA 18.988(1)(4). We do not retain jurisdiction.

Affirmed in part, reversed in part and remanded.