WINIECKI v WOLF

Docket No. 80207. Submitted June 26, 1985, at Detroit.—Decided August 22, 1985.

Diane A. Winiecki injured herself while playing a game at a family reunion at the home of one of her cousins. She filed suit against the homeowners, Herbert and Katherine Wolf, and ·against another cousin, Richard George, in Tuscola Circuit Court seeking to recover damages for her injuries. Richard George had brought sports equipment of his own design to the reunion, and it was while using that equipment that Winiecki was injured. Defendants Wolf moved for summary judgment on the ground that the recreational use statute precluded plaintiff's action against them. The court, Robert J. Chrzanowski, J., granted defendants' motion for summary judgment. Plaintiff appealed. *Held:*

1. Plaintiff's argument that the recreational use statute was not intended to protect landowners from liability for injuries occurring in their backyards is rejected. The statute is clear and unambiguous and offers nothing on its face excluding from its application the backyard of residential property. The trial court did not err in relieving defendants of liability based on the recreational use statute.

2. The trial court correctly concluded that plaintiff failed to state a claim of gross negligence or of wilful and wanton misconduct on the part of defendants Wolf.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

A plain and unambiguous statute is to be applied, and not

REFERENCES

Am Jur 2d, Negligence §§ 32 *et seq.,* 101-107.
Am Jur 2d, Premises liability §§ 23-36.
Am Jur 2d, Statutes §§ 145, 146.
Liability to adult social guest injured otherwise than by condition of premises. 38 ALR4th 200.
Application of comparative negligence in action based on gross negligence, recklessness, or the like. 10 ALR4th 946.
See also the annotations in the ALR3d/4th Quick Index under Negligence; Premises Liability.

interpreted, since such a statute speaks for itself, and the courts may not speculate as to the probable intent of the Legislature beyond the words employed in the act.

2. NEGLIGENCE — RECREATIONAL USE — BACKYARDS.

The recreational use statute is clear and unambiguous and does not, on its face, exclude from its application backyards of residential property; therefore, the statute may protect landowners from liability for injuries occurring in their backyards (MCL 300.201; MSA 13.1485).

3. NEGLIGENCE — RECREATIONAL USE — WILFUL AND WANTON MIS-
    CONDUCT.

The recreational use statute does not protect landowners from liability for gross negligence or for wilful and wanton misconduct (MCL 300.201; MSA 13.1485).

*Marshal E. Hyman,* for plaintiff.

*Coticchio, Zotter & Sullivan, P.C.* (by *W. J. Zotter),* for defendants.

Before: R. M. MAHER, P.J., and BRONSON and D. F. WALSH, JJ.

PER CURIAM. Plaintiff appeals from an order of the Macomb County Circuit Court granting defendants Wolfs' motion for summary judgment of dismissal, GCR 1963, 117.2(1).

Defendants Herbert and Katherine Wolf held a family reunion at their home in Tuscola County. Plaintiff is a cousin of Katherine Wolf. Another cousin, defendant Richard George, brought "land skis", two wooden planks with foot holes made from pieces of inner tube which he manufactured himself, to the reunion. A game was played with the land skis involving two teams which were to race down to a tree in the yard and back. According to defendants, everyone fell down when they played. The third time plaintiff fell, she sustained injuries to her hip and pelvis which may require

long-term medical care. Plaintiff filed this action to recover damages for her injuries.

The trial court granted defendants Wolfs' motion for summary judgment based solely on the ground that the recreational use statute, MCL 300.201; MSA 13.1485, precluded plaintiff's action against the defendant landowners. The issue on appeal is the correctness of the trial court's application of that statute to this case.

The recreational use statute provides:

"No cause of action shall arise for injuries to any person who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use, with or without permission, against the owner, tenant, or lessee of said premises unless the injuries were caused by the gross negligence or wilful and wanton misconduct of the owner, tenant, or lessee."

Plaintiff, citing various indications of legislative intent, argues that the statute was not intended to protect landowners from liability for injuries occurring in their backyards. Defendants Wolf own a tract of land measuring 7.8 acres, but the land ski game was allegedly played on the lawn behind the garage.

The duty of the courts is to interpret statutes as we find them. *Melia v Employment Security Comm,* 346 Mich 544, 561; 78 NW2d 273 (1956). A plain and unambiguous statute is to be applied, and not interpreted, since such a statute speaks for itself. *Lansing v Lansing Twp,* 356 Mich 641, 649; 97 NW2d 804 (1959). The courts may not speculate as to the probable intent of the Legislature beyond the words employed in the act. *Id.* Ordinary words are to be given their plain and

ordinary meaning. *Carter Metropolitan Christian Methodist Episcopal Church v Liquor Control Comm,* 107 Mich App 22, 28; 308 NW2d 677 (1981).

This statute, as the trial court has already observed, is clear and unambiguous. Plaintiff was a person on the lands of another, without paying a consideration, for the purpose of an outdoor recreational use. The statute offers nothing on its face excluding from its application the backyard of residential property. If the Legislature did not intend the statute to apply to parcels of land this size, it was within its power to insert words limiting the statute's application, *e.g.,* to lands in their natural state. As we, however, are constrained to apply the statute as written, we cannot say that the trial court erred in relieving defendants of liability based on the recreational use statue.

The recreational use statute does not protect landowners from liability for gross negligence or for wilful and wanton misconduct. Plaintiff's complaint, however, does not include allegations sufficient to make out a claim either of gross negligence or of wilful and wanton misconduct. *McNeal v Dep't of Natural Resources,* 140 Mich App 625, 633; 364 NW2d 768 (1985); *Matthews v Detroit,* 141 Mich App 712, 717-718; 367 NW2d 440 (1985). The trial court correctly concluded that plaintiff had failed to state a claim of gross negligence or of wilful and wanton misconduct.

Affirmed.