YAHRLING v BELLE LAKE ASSOCIATION, INC

Docket Nos. 77063, 80284. Submitted June 4, 1985, at Detroit.—Decided August 26, 1985. Leave to appeal applied for.

Plaintiff, Greg Yahrling, attending a birthday party at a home located in the Belle Estates subdivision, accompanied several others guests to nearby Belle Lake for a swim. Upon arriving at the lake, one of the swimmers who was familiar with the lake ran down a hill at the edge of the lake, made a shallow dive and swam to a raft anchored 50 feet from the shore. Having decided to enter the water, plaintiff took note of several telephone poles which had been laid length-wise along the shore to prevent erosion. He ran down the hill and found himself unable to stop before reaching the lake. He was forced to step up and over the logs before entering the water. In doing so, plaintiff lost control, and his momentum caused his legs to flip over his head. He landed on the back of his neck in 14 inches of water, breaking his neck, which resulted in paralysis over the lower two-thirds of his body. He brought an action in the Macomb Circuit Court against the Belle Lake Association,

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Negligence §§ 33 et seq.
   Modern status of rules conditioning landowner's liability upon status of injured party as invitee, licensee, or trespasser. 22 ALR4th 294.
[2] Am Jur 2d, Estoppel and Waiver §§ 26 et seq.
   Quantum or degree of evidence necessary to prove an equitable estoppel. 4 ALR3d 361.
[3] Am Jur 2d, Vendor and Purchaser §§ 144 et seq.
   See the annotations in the ALR3d/4th Quick Index under Identity or Identification.
[4] Am Jur 2d, Negligence §§ 10 et seq.
[5] Am Jur 2d, Negligence §§ 94 et seq.
   Modern status of rules conditiong landowners liability upon status of injured party as invitee, licensee, or trespasser. 22 ALR4th 294.
[6, 7] Am Jur 2d, Negligence §§ 101 et seq.
   See the annotation in the ALR3d/4th Quick Index under Wanton or Willful Misconduct.
[8] Am Jur 2d, Pleading §§ 306-338.
   See the annotation in the ALR3d/4th Quick Index under Amendment of Pleadings.

Inc., and others, including three neighborhood associations and numerous individual subdivision lot owners. Plaintiff alleged four counts of negligence which included the failure to provide adequate warning of the water depth, negligent design of the park and lake, and negligent placement and construction of the erosion barrier. Through several amendments, plaintiff added allegations of gross negligence and/or wilful and wanton misconduct in the following respects.

"A. In failing to warn the plaintiff that the waterway abutting private park A was not of sufficient depth to allow diving.

"B. In failing to place conspicuous warning signs indicating that diving was not allowed off the platform.

"C. In failing to maintain the appearance of the waterway abutting private park A in a manner which would dispel the appearance that the depth of said waterway was sufficient for diving.

"D. In constructing a platform that gave the appearance of an inviting and appropriate place to dive into the water without any attempt to indicate that it was not safe.

"E. In failing to maintain the appearance of the platform in question in such a manner to dispel its apparent appearance as sufficient for use for diving.

"F. In failing to use buoys to outline the area of the waterway abutting private park A which were safe for swimming and those that were safe for diving.

"G. In failing to have a lifeguard on duty.

"H. In failing to have a lifeguard on duty to warn persons such as the plaintiff not to dive off this platform.

"I. In failing to have a lifeguard on duty prohibiting persons from diving off the platform in question.

"J. In failing to employ barriers and/or fences to prevent diving from the platform in question.

"K. In failing to maintain said lake to prevent erosion and decreasing water depth.

"L. Maintaining an attractive nuisance in the form of the body of water in question as well as the platform."

The court, John G. Roskopp, J., granted summary judgments, one in favor of El Camino Homes, Inc., on the ground that El Camino could not be held liable for plaintiff's injuries since it sold its lot in Belle Estates on land contract prior to the date of injury, and one in favor of Donald and Virginia Runyon and other individual lot owners who joined in the motion on the ground that they were immune from tort liability for ordinary negligence by virtue of the recreational land users act. Plaintiff

appealed each summary judgment and the appeals were consolidated by the Court of Appeals. *Held:*

1. Summary judgment for El Camino was proper. It is the possessor of land, not the fee title holder, who owes a duty of care to licensees regarding the condition of land, and El Camino's failure to record the land contract sale does not alter that or give rise to an estoppel.

2. Summary judgment for the lot owners was proper. The recreational land users act applies to limit the owner's liability for injuries to liability for gross negligence or wilful and wanton misconduct. Plaintiff did not plead either. Further, his motion to amend his pleading was properly denied since the proposed amendment would not have cured the defect.

Affirmed.

1. NEGLIGENCE — DUTY — REAL PROPERTY — PARTIES.

It is the possessor of land, not the fee title holder, who owes a duty of care to licensees regarding the condition of land.

2. ESTOPPEL — EQUITABLE ESTOPPEL.

Equitable estoppel arises where: (1) a party, by representation, admissions, or silence, intentionally or negligently induces another party to believe facts; (2) the other party justifiably relies and acts on this belief; and (3) the other party will be prejudiced if the first party is permitted to deny the existence of facts.

3. VENDOR AND PURCHASER — NEGLIGENCE — RECORDING OF CONTRACTS.

The statute providing for the recording of land contract sales was not intended to provide plaintiffs in subsequent negligence actions with a means of identifying possessors of land so as to determine potential defendants (MCL 565.354; MSA 26.674).

4. NEGLIGENCE — RECREATIONAL LAND USERS ACT.

The restriction of liability in the recreational land users act applies to injuries occurring in both public and private land and on both rural and urban land (MCL 300.201; MSA 13.1485).

5. NEGLIGENCE — RECREATIONAL LAND USERS ACT — CONSIDERATION.

Only persons who pay a "valuable consideration" to a landowner, tenant, or lessee of land have a cause of action for injuries suffered while on that land for outdoor recreational purposes unless the injuries were caused by the gross negligence or wilful or wanton misconduct of the owner, tenant, or lessee; the "valuable consideration" must be in the form of a specific fee

for the use of a particular recreational area in question (MCL 300.201; MSA 13.1485).

6. NEGLIGENCE — RECREATIONAL USE — WILFUL AND WANTON MIS- CONDUCT.

The elements of wilful and wanton misconduct are 1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, 2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and 3) the omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another (MCL 300.201; MSA 13.1485).

7. NEGLIGENCE — WILFUL AND WANTON MISCONDUCT.

Wilful and wanton misconduct is distinguished from ordinary negligence by an intent to harm or by an indifference of a defendant in the presence of the probability of harm which is tantamount to a willingness that the harm occur.

8. PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.

A trial court need not grant a motion to amend pleadings where the amendment will prove futile (GCR 1963, 118.1).

*Googasian, Hopkins, Forhan & Hohauser* (by *George A. Googasian* and *Michael S. Hohauser*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Christine D. Oldani* and *Deanna E. Hazen*), for Gerald and Irene Sanders and others.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Simeon R. Orlowski*), for defendants Daniel P. and Sharon L. Coakley and others.

*Mellon & McCarthy* (by *Steve J. Weiss*), *Suo, Noble & Wiseman* (by *Sidney J. Suo*), *Harvey, Kruse, Westen & Milan, P.C.* (by *Paul B. Hynes*), *Hibbs, Welch & Macalpine, P.C.* (by *Donald O. Hibbs*), *Johnston, Campbell & Moesta* (by *Jeffrey W. Doan*), *Berry, Puleo & Noeski* (by *William D.*

*Kahn), Lizza & Mulcahy, P.C.* (by *John D. Lizza), Draugelis, Ashton, Scully & Haynes* (by *John T. MacLean), Fitzgerald, Hodgman, Kazul, Rutledge, Cawthorne & King, P.C.* (by *Michael A. Gunderson),* and *Wendt & Wendt* (by *William V. Wendt),* for defendants Donald and Virginia Runyon and others.

*Glime, Daoust, Wilds, Rusing & Ledue* (by *James R. Daoust* and *John F. MacArthur),* for Louis F. and Marguerite E. Bechard and others.

*Bassey, Selesko & Couzens, P.C.* (by *James A. D'Agostini),* for defendant El Camino Homes, Inc.

Before: J. H. GILLIS, P.J., and BRONSON and M. J. KELLY, JJ.

PER CURIAM. These consolidated cases arise out of injuries sustained by plaintiff when he dove into the shallow waters of Belle Lake, a private lake located in the Belle Estates Subdivision in Macomb County. Suit was brought by plaintiff against more than 200 defendants, including three neighborhood associations and individual subdivision lot owners. In Docket No. 77063, plaintiff appeals as of right from a grant of summary judgment to individual land owner El Camino Homes, Inc. In Docket No. 80284, plaintiff appeals as of right from a grant of summary judgment to the individual land owners who joined in the motion filed by defendants Donald and Virginia Runyon, Ronald and Carol Standlick and Bohdon and Switlana Korduba.

On August 24, 1980, plaintiff attended a birthday party at a home located in the Belle Estates subdivision. That evening, plaintiff accompanied several other guests in attendance at the party to nearby Belle Lake for a swim. Upon arriving at

the lake, one of the swimmers who was familiar
with the lake ran down a hill at the edge of the
lake, made a shallow dive, then swam to a raft
anchored 50 feet from the shore. Having decided
to enter the water, plaintiff took note of several
telephone poles which had been laid length-wise
along the shore to prevent erosion. Plaintiff ran
down the hill and found himself unable to stop
before reaching the lake, thus forcing him to step
up and over the logs before entering the water. In
doing so, plaintiff lost control, and his momentum
caused his legs to flip over his head. Plaintiff
landed on the back of his neck in 14 inches of
water, breaking his neck, resulting in paralysis
over the lower two-thirds of his body.

Plaintiff filed an initial complaint alleging four
counts of negligence which included the failure to
provide adequate warning of the water depth,
negligent design of the park and lake, and negli-
gent placement and construction of the erosion
barrier. Through several amendments, plaintiff
added allegations of gross negligence and/or wilful
and wanton misconduct in the following respects:

"A. In failing to warn the plaintiff that the waterway
abutting private park A was not of sufficient depth to
allow diving.

"B. In failing to place conspicuous warning signs
indicating that diving was not allowed off the platform.

"C. In failing to maintain the appearance of the
waterway abutting private park A in a manner which
would dispel the appearance that the depth of said
waterway was sufficient for diving.

"D. In constructing a platform that gave the appear-
ance of an inviting and appropriate place to dive into
the water without any attempt to indicate that it was
not safe.

"E. In failing to maintain the appearance of the
platform in question in such a manner to dispel its
apparent appearance as sufficient for use for diving.

"F. In failing to use buoys to outline the area of the waterway abutting private park A which were safe for swimming and those that were safe for diving.

"G. In failing to have a lifeguard on duty.

"H. In failing to have a lifeguard on duty to warn persons such as the plaintiff not to dive off this platform.

"I. In failing to have a lifeguard on duty prohibiting persons from diving off the platform in question.

"J. In failing to employ barriers and/or fences to prevent diving from the platform in question.

"K. In failing to maintain said lake to prevent erosion and decreasing water depth.

"L. Maintaining an attractive nuisance in the form of the body of water in question as well as the platform."

We begin by addressing the motion for summary judgment granted in favor of defendant El Camino Homes, Inc. The motion was granted pursuant to GCR 1963, 117.2(3), apparently on the grounds asserted by El Camino, *i.e.,* that it could not be held liable for plaintiff's injuries since it sold its lot in Belle Estates on land contract prior to the date of injury. We find no error. Although El Camino was still the title owner to the property at the time of the injury, the rule in Michigan is that it is the possessor of land, not the title owner, who owes a duty to licensees regarding the condition of the land. As stated in *Nezworski v Mazanec,* 301 Mich 43; 2 NW2d 912 (1942):

"Liability for negligence does not depend upon title; a person is liabile for an injury resulting from his negligence in respect of a place or instrumentality which is in his control and possession, even though he is not the owner thereof." 301 Mich 56, quoting 45 CJ, Negligence, § 317, p 881.

Similarly stated,

"[I]t is the unity of possession and control that is dispositive. A 'possessor' of property must exercise reasonable care in avoiding harm to others on his property from the negligent acts of third persons *because he is in possession and control of the premises* and in a position to exercise the power of control or expulsion." *Merritt v Nickelson,* 407 Mich 544, 553-554; 287 NW2d 178 (1980). (Emphasis in original.)

Plaintiff attempts to avoid the effect of the above stated rule by seeking an application of the doctrine of equitable estoppel. In essence, plaintiff argues that, since he mistakenly believed El Camino to be both possessor and owner of title to the land in question, and since the statute of limitations has run as to the true possessor, El Camino should be estopped from denying liability.

We cannot accept plaintiff's argument due to the fact that the doctrine of equitable estoppel has no application to the facts presented. An equitable estoppel may be found where:

"(1) a party by representation, admissions, or silence, intentionally or negligently induces another party to believe facts; (2) the other party justifiably relies and acts on this belief; and (3) the other party will be prejudiced if the first party is permitted to deny the existence of the facts." *Cook v Grand River Hydroelectric Power Co, Inc,* 131 Mich App 821, 828; 346 NW2d 881 (1984).

Plaintiff has asserted no facts which would support the conclusion that El Camino negligently or intentionally induced him to believe that it had a possessory interest in the land. El Camino's failure to record the land contract does not constitute such inducement since the recording act affects only subsequent encumbrancers and purchasers. MCL 565.354; MSA 26.674. Nothing in the statute suggests that it was intended to provide plaintiffs

in subsequent negligence actions with a means of identifying possessors of land so as to determine potential defendants. The motion for summary judgment in favor of defendant El Camino was properly granted.

We next consider the propriety of the order granting summary judgment as to the remaining defendants. This motion was predicated upon GCR 1963, 117.2(1), *i.e.*, failure to state a claim upon which relief can be granted. Defendants argued that under the provisions of the recreational land users act, MCL 300.201; MSA 13.1485, they were entitled to immunity from liability for the ordinary negligence alleged in plaintiff's complaint. In an opinion dated June 22, 1984, the trial court expressed agreement with the defendant's position that only allegations of gross negligence or wilful and wanton misconduct were sufficient to avoid an application of the immunity granted under the recreational users statute. Since the factual allegations contained in plaintiff's complaint concerned only ordinary negligence, the trial court concluded that no factual development could possibly justify a right to recovery and thus granted defendant's motion.

Plaintiff attacks the trial court's action on a number of grounds, the first being that the recreational land users act does not apply to land from which the general public is excluded. We disagree. The statute provides as follows:

"No cause of action shall arise for injuries to any person who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use, with or without permission, against the owner, tenant, or lessee of said premises unless the injuries were caused by the gross negligence

or wilful and wanton misconduct of the owner, tenant, or lessee." MCL 300.201; MSA 13.1485.

Through its explicit terms, the statute applies whether or not the injured party received permission to be on the land in question. Thus, the fact that the general public did not have permission to use Belle Lake for recreational purposes or otherwise is entirely irrelevant. Plaintiff's reliance upon two non-Michigan cases, *Georgia Power Co v Mc-Gruder,* 229 Ga 811; 194 SE2d 440 (1972), and *Lacombe v Greathouse,* 407 So 2d 1346 (La App, 1981), is misplaced since both cases involved the application of statutes which provide immunity from negligence only where the injured party had permission to use the property of the landowner. The cited cases therefore do not provide any basis for ignoring the explicit and unambiguous language of our own statute.

Plaintiff next argues that our recreational users statute was intended to apply only to land located in a rural setting, rather than the populous suburban area of Belle Lake. This argument was raised previously in *Syrowik v Detroit,* 119 Mich App 343; 326 NW2d 507 (1982), where the Court stated:

"Plaintiffs' argument is without merit. The statute makes no reference to a distinction between urban and rural areas. The imposition of such a distinction by this Court would require the drawing of an arbitrary dividing line between what is urban and what is rural. Furthermore, to give the statute the construction urged by plaintiffs would do violence not only to the wording of the statute but to the intent of the Legislature. This Court has previously held that this statute should be given a liberal construction to carry out the Legislature's intent to further recreational activities in Michigan by making certain areas available for such purposes while codifying tort law principles limiting the liability of landowners to those who come gratuitously

upon their lands. *Thomas v Consumers Power Co,* 58 Mich App 486; 228 NW2d 786 (1975)." 119 Mich App 346-347.

We agree, and thus we affirm the trial court's reliance upon *Syrowik.*

Plaintiff's final attack on the trial court's application of the statute concerns the payment of consideration for use of the land. Plaintiff correctly notes that the immunity granted by the statute does not apply where consideration was paid. He also admits that he did not pay to use the lake, but argues that the immunity statute should not apply since his host did pay consideration in the form of annual fees assessed for the maintenance of the lake and through the increased cost of the land due to its proximity to a lake. Even if the maintenance fees and increased land values were the type of consideration intended by the statute, plaintiff has failed to allege that the consideration was paid on his behalf. Further, this Court has stated that, to avoid application of the statute, the consideration must be in the form of "a specific fee for the use of a particular recreational area in question". *Syrowik, supra,* p 347. Plaintiff has not alleged that he, nor anyone on his behalf, paid such a fee for his use of Belle Lake for swimming purposes on August 24, 1980. The argument is therefore rejected.

Next, plaintiff argues that summary judgment in favor of defendants was inappropriate because his complaint contained factual allegations which were sufficient to support a finding of wilful and wanton misconduct. As set out in *Gibbard v Cursan,* 225 Mich 311, 322; 196 NW 398 (1923), wilful and wanton misconduct is:

"(1) Knowledge of a situation requiring the exercise

of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another."

This test was clarified in *Burnett v City of Adrian,* 414 Mich 448; 326 NW2d 810 (1982), where the Court explained that wilful and wanton misconduct is established only where the conduct alleged shows an intent to harm or such indifference to whether harm will result as to be the equivalent of a willingness that it occur. *Burnett, supra,* p 455.

The twelve specific allegations of wilful and wanton misconduct contained in plaintiff's second amended complaint were listed previously. We find nothing in these allegations which would support the conclusion the defendants acted with an intent to harm, nor do we believe one could conclude from these allegations that plaintiff's injury was so probable, expected or likely as to amount to an indifference tantamount to a willingness that it occur. *Burnett, supra,* p 456.

In *Burnett,* the Court found barely sufficient to comprise wilful and wanton misconduct the plaintiff's allegations that defendant knew a submerged building in a man-made lake used by the city as a reservoir was creating an unnatural undertow dangerous to swimmers but did nothing to remove it. As noted in *Matthews v Detroit,* 141 Mich App 712; 367 NW2d 440 (1985), "[a] structure creating an undertow, like exposed guy wires *(Thomas v Consumers Power Co,* 394 Mich 459; 231 NW2d 653 [1975]) or a precipitous escarpment created by defendant *(Lucchessi v Kent County Road Comm,* 109 Mich App 254; 312 NW2d 86 [1981]), is inher-

ently dangerous to anyone coming in contact with it, making the defendant's refusal to correct the situation akin to an intent to harm". *Matthews, supra,* p 719. In contrast, the slippery fountain pool involved in *Matthews,* like sand dunes used for ORV vehicles *(McNeal v Dep't of Natural Resources,* 140 Mich App 625; 364 NW2d 768 [1985]), "presents no threat to most people who come in contact with it, so that even if defendant knows that accidents have occurred in the past, the defendant's failure to correct the situation does not amount to wilful and wanton misconduct without more facts". *Matthews, supra,* p 719.

We believe the present case requires the same result as was reached in *McNeal* and *Matthews.* The fact that the edge of Belle Lake is too shallow to permit diving presents no threat to most people who come in contact with it; in fact, most people. would presume such a condition to exist near the shoreline of a lake unless investigation proved otherwise. Further, the placement of telephone poles at the shore to prevent erosion simply does not constitute an inducement to dive into the water since there is no logical connection between the two. The plaintiff's complaint therefore fails to allege facts which would support the conclusion that plaintiff's injury was so probable, expected or likely that the defendants' failure to place signs, buoys, barriers or provide for a lifeguard evidenced such an indifference to the harm as to amount to a willingness that it occur.

Finally, plaintiff complains of the trial court's refusal to permit plaintiff to file a third amended complaint. Although GCR 1963, 118.1 provides that leave to amend "shall be freely given when justice so requires", the decision to grant leave is left to the trial court's discretion and will not be

reversed on appeal absent an abuse of discretion. *Riddle v Lacey & Jones,* 135 Mich App 241; 351 NW2d 916 (1984). Plaintiff's proposed third amended complaint differed from its predecessor only in that plaintiff alleged that on at least one previous occasion a personal injury was sustained as a result of a diving accident in Belle Lake. As noted in *Matthews, supra,* unless the conditions are inherently dangerous to anyone who comes in contact with them, the defendant's knowledge of accidents occurring in the past is legally insufficient to establish wilful and wanton misconduct. *Matthews, supra,* p 719. Therefore, since plaintiff's proposed amendment would have been futile, the trial court's denial of his motion for leave to amend was proper. *Burgess v Holloway Construction Co,* 123 Mich App 505; 332 NW2d 584 (1983).

Affirmed.