WRIGHT v DUDLEY

Docket No. 89326. Submitted June 19, 1986, at Lansing. Decided
December 22, 1986. Leave to appeal applied for.

Janice Wright, next friend of Terry Wright, brought an action in
the Oakland Circuit Court against Yvonne Dudley seeking
damages for injuries sustained by Terry Wright in a diving
accident which occurred at defendant's residence on Clear
Lake. The trial court, Richard D. Kuhn, J., granted defendant's
motion for summary disposition on the ground that the recre-
ational land use act applied to defendant's residence and thus
plaintiff failed to state a cause of action on which relief could
be granted. Plaintiff appeals from the opinion and order of
summary disposition.

The Court of Appeals *held:*

1. The trial court did not err in ruling that the recreational
land use act applied to defendant's property.

2. Defendant's conduct, installing a dock in shallow water
and permitting others to use it without warning as to the
water's depth or any danger, did not constitute wilful and
wanton misconduct. Summary disposition was proper since the
record is devoid of any suggestion that defendant intended to
cause harm or that she exhibited an indifference to injury
tantamount to a willingness that it occur.

Affirmed.

SHEPHERD, P.J., dissented. It is his belief that the recreational
land use act does not apply in this case since the act's purpose,
the promotion of tourism and opening up of lands for use by
the general public, would not be served by application of the
act to social invitees such as Terry Wright.

1. NEGLIGENCE — RECREATIONAL LAND USE ACT — RESIDENTIAL PROP-
ERTY.

The recreational land use act is clear and unambiguous and does
not, on its face, exclude from its application residential prop-

REFERENCES

Am Jur 2d, Negligence §§ 9, 94 *et seq.*

See the annotations in the Index to Annotations under Negligence;
Intentional, Wilful, and Wanton Acts.

erty; therefore, the act may protect a landowner from liability for injuries occurring in a lake at the rear of his property (MCL 300.201; MSA 13.1485).

2. Negligence — Recreational Land Use Act.

   The recreational land use act does not protect landowners from liability for gross negligence or for wilful and wanton misconduct (MCL 300.201; MSA 13.1485).

3. Negligence — Wilful and Wanton Misconduct.

   Wilful and wanton misconduct requires: (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; and (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.

4. Negligence — Wilful and Wanton Misconduct.

   Wilful and wanton misconduct is made out only if the conduct alleged shows an intent to harm, or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does; wilful and wanton misconduct is not a high degree of carelessness, it is characterized by wilfulness, rather than by inadvertence, it transcends negligence and is different in kind.

*Woll, Crowley, Berman, Olsman & Nolan, P.C.* (by *Alan F. Giles*), for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for defendant.

Before: Shepherd, P.J., and J. H. Gillis and MacKenzie, JJ.

Per Curiam. Plaintiff appeals as of right from an opinion and order of summary disposition in favor of defendant. MCR 2.116(C)(10). We affirm.

This case arises from a diving accident which occurred at defendant's residence on Clear Lake. On June 17, 1984, Terry Wright and a group of friends were social guests at defendant's home. At

the rear of defendant's property was a boat dock extending into the lake. Beyond the end of the dock was a raft. When persons on the raft encouraged Wright to join them, Wright ran down a hill where he had been standing onto the dock and dove headfirst off the end of the dock toward the raft. As he began his dive, he heard someone yell, "don't dive." The water at the end of the dock was approximately three feet deep. There were no depth markers or posted warnings not to dive. Wright struck his head on the bottom and broke his neck. He is permanently paralyzed from the chest down. Plaintiff, Wright's mother, subsequently filed this action on Wright's behalf to recover damages for his injuries.

The trial court granted defendant's motion for summary disposition on the ground that the recreational land use act, MCL 300.201; MSA 13.1485, applied to defendant's residence. The statute provides:

> No cause of action shall arise for injuries to any person who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use, with or without permission, against the owner, tenant, or lessee of said premises unless the injuries were caused by the gross negligence or wilful and wanton misconduct of the owner, tenant, or lessee.

The trial court further ruled that plaintiff had failed to establish that Wright's injuries were caused by defendant's gross negligence or wilful and wanton misconduct.

On appeal, plaintiff argues that the recreational land use act was not intended to protect landown-

ers from liability for injuries sustained in their backyards by social invitees. A similar argument was rejected by this Court in *Winiecki v Wolf,* 147 Mich App 742, 744-745; 383 NW2d 119 (1985):

> The duty of the courts is to interpret statutes as we find them. *Melia ·v Employment Security Comm,* 346 Mich 544, 561; 78 NW2d 273 (1956). A plain and unambiguous statute is to be applied, and not interpreted, since such a statute speaks for itself. *Lansing v Lansing Twp,* 356 Mich 641, 649; 97 NW2d 804 (1959). The courts may not speculate as to the probable intent of the Legislature beyond the words employed in the act. *Id.* Ordinary words are to be given their plain and ordinary meaning. *Carter Metropolitan Christian Methodist Episcopal Church v Liquor Control Comm,* 107 Mich App 22, 28; 308 NW2d 677 (1981).
>
> This statute, as the trial court has already observed, is clear and unambiguous. Plaintiff was a person on the lands of another, without paying a consideration, for the purpose of an outdoor recreational use. The statute offers nothing on its face excluding from its application the backyard of residential property. If the Legislature did not intend the statute to apply to parcels of land this size, it was within its power to insert words limiting the statute's application, *e.g.,* to lands in their natural state. As we, however, are constrained to apply the statute as written, we cannot say that the trial court erred in relieving defendants of liability based on the recreational use statute.

Accord: *Yahrling v Belle Lake Ass'n, Inc,* 145 Mich App 620; 378 NW2d 772 (1985). Cf., *Wymer v Holmes,* 144 Mich App 192, 199; 375 NW2d 384 (1985), lv gtd 424 Mich 877 (1986).

We agree with the reasoning of the *Winiecki* and *Yahrling* panels, and conclude that the trial court did not err in ruling that the recreational land use act applied to defendant's property.

The recreational use statute does not protect landowners from liability for wilful and wanton misconduct. Plaintiff argues that, even if the statute applies in this case, summary disposition was improperly granted because a question of fact exits as to whether defendant's acts constituted wilful and wanton misconduct. We disagree.

The test for wilful and wanton misconduct was set out in *Gibbard v Cursan,* 225 Mich 311, 322; 196 NW 398 (1923), and requires:

> (1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.

Although the Supreme Court criticized the language of this test in *Burnett v City of Adrian,* 414 Mich 448; 326 NW2d 810 (1982), the Court declined to reformulate the test. The *Burnett* Court noted that wilful and wanton misconduct "is made out only if the conduct alleged shows an intent to harm, or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does." 414 Mich 455. Thus, wilful and wanton misconduct is not a high degree of carelessness. *Id.* It is "characterized by wilfulness, rather than by inadvertence, it transcends negligence—is different in kind." *Gibbard, supra,* p 320.

It has been held that a claim of wilful and wanton misconduct is not stated where a plaintiff, injured after diving in shallow water, alleged that the defendant failed to provide warnings, buoys and lifeguards. *Yahrling, supra.* A claim of wilful and wanton misconduct was also rejected in *Mat-*

*thews v Detroit,* 141 Mich App 712; 367 NW2d 440 (1985), where plaintiff maintained that the defendant should have erected barriers or posted warnings by the fountain lagoon in which plaintiff's decedent drowned.

We are satisfied that the instant case warrants the same result as that reached in *Yahrling* and *Matthews.* A motion for summary disposition pursuant to MCR 2.116(C)(10) should be granted only if the trial court finds that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Bennington Twp v Maple River Inter-County Drain Bd,* 149 Mich App 579, 584; 386 NW2d 599 (1986). In order to prevail, the movant must show that no future development of the evidence could justify a judgment in favor of the opposing party. The trial court should be liberal in finding that there is a question of fact, and all doubts should be resolved in favor of the nonmoving party. *Bennington, supra.* Here, the substance of defendant's conduct is undisputed; she installed a dock in shallow water and allowed others to use it without a warning as to the water's depth or any danger. We agree that this conduct, as a matter of law, did not constitute wilful and wanton misconduct as defined in *Gibbard* and *Burnett.* Because the record is devoid of any suggestion that defendant intended to cause harm or that she exhibited an indifference to injury tantamount to a willingness that it occur, summary disposition was proper.

Our disposition of the above issues makes it unnecessary to address plaintiff's remaining claims.

Affirmed.

SHEPHERD, P.J., dissents for the reasons stated in *Wymer v Holmes,* 144 Mich App 192, 199; 375 NW2d 384 (1985).