HARRIS v BORMAN'S, INC

Docket No. 95849. Submitted December 8, 1987, at Detroit. Decided September 6, 1988. Leave to appeal applied for.

Elizabeth and Michael Harris brought an action in the Wayne Circuit Court against Elizabeth Harris' former employer, Borman's, Inc., alleging discrimination in violation of the Michigan Handicappers' Civil Rights Act, loss of consortium and intentional and negligent infliction of emotional distress. The trial court, Robert J. Colombo, Jr., J., granted defendant's motion for summary disposition on all counts. Plaintiffs appealed.

The Court of Appeals *held:*

The Michigan Handicappers' Civil Rights Act covers only those persons whose disability is unrelated to ability to perform the job. In this case, Elizabeth Harris' disability, her poor eyesight, was undisputably related to her ability to perform the duties of bakery clerk, the job she sought. Harris thus does not meet the act's definition of a handicapped individual and the defendant had no duty to accommodate her with adaptive devices or aids. Plaintiffs' remaining claims were waived.

Affirmed.

KELLY, P.J., dissented. It is his belief that summary disposition was improperly granted as to plaintiffs' discrimination claim since a question of material fact existed as to whether, with adaptive devices or visual aids, Elizabeth Harris may have been able to perform the specific job requirements of a bakery clerk.

1. CIVIL RIGHTS — HANDICAPPERS — EMPLOYMENT DISCRIMINATION.

A handicapped individual for purposes of an employment discrimination suit under the Michigan Handicappers' Civil Rights Act is a person whose disability is unrelated to the ability to perform the job (MCL 37.1103[b][i]; MSA 3.550[103][b][i]).

2. CIVIL RIGHTS — HANDICAPPERS — ACCOMMODATION.

An employer has no duty under the Michigan Handicappers'

REFERENCES

Am Jur 2d, Job Discrimination §§ 113 *et seq.*

Construction and effect of state legislation forbidding job discrimination on account of physical handicap. 90 ALR3d 393.

Civil Rights Act to accommodate an individual who is not a handicapper within the meaning of the act (MCL 37.1102[2]; MSA 3.550[102][2]).

3. CIVIL RIGHTS — HANDICAPPERS — ACCOMMODATION.

An employer has no duty under the Michigan Handicappers' Civil Rights Act to utilize adaptive devices and aids which would enable an individual to perform the specific requirements of a job where the individual is not a handicapper within the meaning of the act (MCL 37.1202, subds [1][f] and [g]; MSA 3.550[202], subds [1][f] and [g]).

*Thomas G. McHugh,* for plaintiffs.

*Barris, Sott, Denn & Driker* (by *Charles S. Rudy*), for defendant.

Before: KELLY, P.J., and MACKENZIE and P. D. SCHAEFER,* JJ.

MACKENZIE, J. Plaintiffs brought this action against Elizabeth Harris' former employer, Borman's, Inc. Count I alleged discrimination in violation of the Michigan Handicappers' Civil Rights Act, Count II alleged loss of consortium, and Count III alleged both intentional and negligent infliction of emotional distress. The trial court granted defendant's motion for summary disposition on all three counts. Plaintiffs appeal as of right. We affirm.

Plaintiff Elizabeth Harris has an eye condition known as congenital nystagmus, which causes a rhythmical oscillation of the eyeballs. She also suffers from extreme nearsightedness. In April, 1979, while she was still in high school, Harris began working as a part-time courtesy clerk at one of defendant's Farmer Jack grocery stores. After graduation Harris became a full-time employee of defendant. In September, 1982, she requested a

* Circuit judge, sitting on the Court of Appeals by assignment.

promotion from courtesy clerk to bakery clerk and was transferred to that position for a trial period.

The duties of a bakery clerk included waiting on customers, filling trays, filling doughnuts with jelly, wrapping doughnuts, cleaning the bakery area, making pizzas, labeling packages of baked goods, and weighing products. In her deposition, Harris stated that she had difficulty performing the labeling and weighing duties because of her handicap. Harris explained that she suffered from night blindness and that the labels were kept on a rack in a dark area of the bakery. Because of this it took her longer to find the correct labels than it took other bakery clerks. She stated that the rack could not be moved to a better-lit location and that her coworkers would not keep the labels organized. Harris also stated in her deposition that she could not do the weighing of products required of a bakery clerk because the bakery department where she worked had an old scale that was up high on a counter and had small numbers which she could not see. Harris stated in the deposition that she had informed the management that she had trouble reading the labels because they were kept in a dark area and that she had trouble reading the scale. She opined that with a digital scale and better lighting she could perform the duties of bakery clerk.

After a twenty-eight-day trial period as a bakery clerk Harris was returned to her courtesy clerk position. She remained in this position for approximately one year before resigning because, as she stated in her deposition, she felt she had no possibility of advancement.

On appeal, plaintiffs first contend that the trial court erred in granting summary disposition pursuant to MCR 2.116(C)(10) on Harris' handicap

discrimination claim. We disagree. MCL 37.1102; MSA 3.550(102) provides:

> (1) The opportunity to obtain employment, housing, and other real estate and full and equal utilization of public accommodations, public services, and educational facilities without discrimination because of a handicap is guaranteed by this act and is a civil right.
>
> (2) A person shall accommodate a handicapper for purposes of employment, public accommodation, public service, education, or housing unless the person demonstrates that the accommodation would impose an undue hardship.

MCL 37.1103; MSA 3.550(103) defines "handicap" for purposes of the act:

> (b) "Handicap" means a determinable physical or mental characteristic of an individual or a history of the characteristic which may result from disease, injury, congenital condition of birth, or functional disorder which characteristic:
>
> (i) For purposes of article 2, is unrelated to the individual's ability to perform the duties of a particular job or position, or is unrelated to the individual's qualifications for employment or promotion.

Our Supreme Court in *Carr v General Motors Corp,* 425 Mich 313, 315-316; 389 NW2d 686 (1986), held that the act covers only those persons whose disability is unrelated to ability to perform the job. In this case, Harris' disability, her poor eyesight, was undisputedly related to her ability to perform the duties of bakery clerk. Harris thus does not meet the act's definition of a handicapped individual. Since she is not a handicapper within the meaning of the act, her employer had no duty to accommodate under MCL 37.1102(2); MSA

3.550(102)(2). See *Carr, supra.* Moreover, since Harris falls outside the scope of the act, she may not base her claim on MCL 37.1202, subds (1)(f) and (g); MSA 3.550(202), subds (1)(f) and (g), dealing with adaptive devices or aids.

Plaintiffs also contend that the trial court improperly granted summary disposition on their claims of intentional and negligent infliction of emotional distress and loss of consortium. These claims are waived, however, as plaintiffs have failed to cite any authority or advance any specific argument. *Mitcham v Detroit,* 355 Mich 182; 94 NW2d 388 (1959); *Butler v DAIIE,* 121 Mich App 727; 329 NW2d 781 (1982).

Affirmed.

P. D. SCHAEFER, J., concurred.

KELLY, P.J. *(dissenting).* I respectfully dissent. In granting summary disposition to defendant on plaintiffs' Count I, the trial court stated:

> In plaintiff's deposition she testified that she had difficulty performing the labeling functions of the bakery clerk because the work was done in a dark area, and because of her sight problems it took her longer to find the correct label and to label the product. . . .
>
> In addition, Elizabeth Harris admitted in her deposition that she could not weigh products on a scale as required by other bakery personnel because it was an old scale with a long arm and had very tiny numbers which she could not see.
>
> * * *
>
> In *Carr v General Motors Corporation,* 425 Mich 313 (1986), the Michigan Supreme Court held that handicap under the Handicappers' Civil Rights Act means only a disability that is unrelated to the ability to perform the job.
>
> Clearly, the deposition testimony of Elizabeth

Harris establishes that her sight disability was related to her ability to perform the job of a bakery clerk.

Concluding that plaintiff's handicap was not one that was unrelated to her ability to perform the duties of bakery clerk, the trial court granted defendant's motion for summary disposition.

In *Carr v General Motors Corp,* 425 Mich 313; 389 NW2d 686 (1986), plaintiff was denied a transfer because the position he requested would have required lifting in excess of plaintiff's medical restriction; plaintiff was restricted because of a previous back injury. Plaintiff Carr brought an action alleging discrimination in violation of the Michigan Handicappers' Civil Rights Act. The Supreme Court held "that the only handicaps covered by the act, for purposes of employment, are those unrelated to ability to perform the duties of the position." *Id.* at 321-322.

On that basis the Supreme Court concluded that, since plaintiff Carr had admitted that his handicap was related to his ability to perform the duties of the position he requested, the trial court was correct in granting defendant's motion for summary disposition. However, after denying rehearing in *Carr,* the Supreme Court amended a footnote to read:

Our holding that this plaintiff, who concedes that he cannot perform the duties of a particular job and who claims that his employer must provide another employee to handle part of his duties, had not stated a claim upon which relief can be granted, necessarily precludes us from making any determination as to the proper interpretation of the term "reasonable accommodation" as used in the HCRA.

We note that plaintiff here has not alleged in his

pleadings or to this Court that there are adaptive
devices or aids which would enable this individual
to perform the specific requirements of the job or
that the fifty-pound weight lifting requirement is
merely a pretext for discrimination against the
handicapped. [*Id.* at 323, n 6.]

It seems apparent with the amendment to foot-
note 6 that the decision in *Carr* is restricted to its
facts. As one commentator has noted:

Countless handicaps are in some way related to
the ability to perform any job. Although the *Carr*
decision has severely limited employment opportu-
nities for persons with handicaps, the decision does
not sound the death-knell for job accommodations.
But, plaintiffs must be prepared to distinguish
their claims of discrimination based on handicap
from the facts in *Carr* in order to overcome mo-
tions for summary disposition based on *Carr*.
Amended Footnote 6 of the majority opinion clari-
fies that the scope of the Court's ruling is limited.
[Schervish, *Carr v General Motors: Death Knell
for Handicappers' Job Accommodations?*, 66 MSB
J 26, 29 (1987).]

Article II of the Handicappers' Act provides in
part:

(1) An employer shall not:
                    *    *    *
(f) Fail or refuse to hire, recruit, or promote an
individual when adaptive devices or aids may be
utilized thereby enabling that individual to per-
form the specific requirements of the job.
(g) Discharge or take other discriminatory action
against an individual when adaptive devices or
aids may be utilized thereby enabling that individ-
ual to perform the specific requirements of the job.
[MCL 37.1202(1); MSA 3.550(202)(1)]

Plaintiffs alleged in Count I of their complaint:

12. That nothwithstanding Plaintiff Elizabeth Harris' ability to perform a job in Defendant's bakery, Defendant, Borman's, Inc., a/k/a Farmer Jack Supermarkets, was guilty of violating the Michigan Handicappers' Civil Rights Act in one or more of the following particulars including but not limited to:

* * *

(d) Failing or refusing to promote Plaintiff when adaptive devices or visual aids may have been utilized thereby enabling Plaintiff to perform the specific requirements of a job;

(e) Taking discriminatory action against Plaintiff Elizabeth Harris when adaptive devices or aids may have been utilized by her thereby enabling her to perform the specific requirements of the bakery job.

Based on their complaint, plaintiffs' claim here is distinguishable from the fact setting in *Carr.*

This Court noted in *Rancour v The Detroit Edison Co,* 150 Mich App 276, 283; 388 NW2d 336 (1986), lv den 428 Mich 860 (1987), "that subsections (f) and (g) [of MCL 37.1202(1); MSA 3.550(202)(1)] impose an accommodation duty requiring the use of adaptive devices or aids where to do so would enable the individual to perform a particular job."

A motion for summary disposition pursuant to MCR 2.116(C)(10) should be granted only if the trial court finds that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Bennington Twp v Maple River Inter-County Drain Bd,* 149 Mich App 579, 584; 386 NW2d 599 (1986). In order to prevail, the movant must show that no future development of the evidence could justify a judgment in favor of the opposing party. The trial court should be liberal in finding that there is a question of fact, and all doubts should be resolved

in favor of the nonmoving party. [*Wright v Dudley,* 158 Mich App 154, 159; 404 NW2d 217 (1986).]

Because plaintiffs here have alleged in their complaint that with adaptive devices or visual aids plaintiff may have been able to perform the specific job requirements, and in Mrs. Harris' deposition she said that members of management were informed of the problem she encountered, I believe a question of material fact existed, making summary disposition pursuant to MCR 2.116(C)(10) improper as to plaintiffs' discrimination claim in Count i.

I would reverse in part and remand.