MITCHELL v GENERAL MOTORS ACCEPTANCE CORPORATION

Docket No. 101985. Submitted January 8, 1989, at Detroit. Decided
March 20, 1989.

James T. Mitchell, Jr., was employed by General Motors Accep-
tance Corporation as a credit representative. He underwent
brain surgery and was rendered totally blind for a period of
time. His vision did improve after a while but he was still
classified as being legally blind. GMAC agreed to permit Mitch-
ell to return to work on a trial basis. However, Mitchell
underwent additional surgery, after which he signed an agree-
ment with the Michigan Department of Social Services in
which he acknowledged the need for certain visual aid equip-
ment for the performance of his work. With the visual aid
equipment, Mitchell began a two-month trial period working
for GMAC. At the conclusion of that period, he was informed
that his performance did not meet the requirements of the job
and he was returned to disability status by GMAC. Mitchell
received disability benefits until his entitlement expired. Mitch-
ell filed suit against GMAC in Wayne Circuit Court alleging a
violation of the Handicappers' Civil Rights Act, breach of an
employment contract, and negligent evaluation of his work
performance. The court, Louis F. Simmons, Jr., J., granted
summary disposition in favor of GMAC on all counts. Plaintiff
appealed.

The Court of Appeals *held:*

1. The trial court erred in granting summary disposition in
favor of GMAC as to plaintiff's claim that GMAC violated the
Handicappers' Civil Rights Act when it found him unable to
perform the duties of his job. The court made no examination
of plaintiff's ability to perform the duties of his job. Rather, the
court accepted GMAC's argument that, because the job entails
reading, any eye disability plaintiff has must be related to his
ability to perform the job. Plaintiff would not be handicapped

REFERENCES

Am Jur 2d, Job Discrimination §§ 111-126; Master and Servant
§§ 43-70; Summary Judgment §§ 26, 27.
Construction and effect of state legislation forbidding job discrimi-
nation on account of physical handicap. 90 ALR3d 393.

within the meaning of the act if his physical condition was indisputably related to the duties of his job. The trial court erred in accepting this premise without first examining plaintiff and the unique circumstances of his job.

2. The trial court erred in granting summary disposition in favor of GMAC on plaintiff's breach of contract claim. The court granted GMAC's motion on the basis that the agreement between GMAC and plaintiff regarding plaintiff's sixty-day trial period of employment had not created a contract based on GMAC's personnel and other policies, permitting termination for just cause, but rather a contract based merely on GMAC's subjective assessment of, or satisfaction with, plaintiff's performance. A genuine issue of fact existed regarding whether the contract between the parties permitted GMAC to refuse to let plaintiff return to his job as a full-time employee based on an objective, and not a subjective, assessment of plaintiff's performance during his trial period. Furthermore, in ruling that the parties' contract was a satisfaction contract, and not one based on the policies and procedures applicable to employees other than plaintiff, the trial court made findings of fact regarding the nature of the contract at issue and the nature of plaintiff's deposition testimony. It is improper for a trial court to make findings of fact in deciding a motion for summary disposition under MCR 2.116(C)(10).

3. The trial court did not err in granting summary disposition in favor of GMAC as to plaintiff's allegation that GMAC negligently evaluated his performance during the trial period. A breach of an employment contract does not give rise to a tort claim where the breach of duty is indistinguishable from the breach of contract. Plaintiff did not plead that GMAC breached any duty independent of the alleged breach of contract.

Affirmed in part, reversed in part, and remanded.

1. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — MASTER AND SERVANT.

A trial court in an employment related action brought pursuant to the Handicappers' Civil Rights Act must examine the ability of the handicapped person to perform the duties of a particular job or position (MCL 37.1101 *et seq.*; MSA 3.550[101] *et seq.*).

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — FINDINGS OF FACT.

A trial court may not make findings of fact in deciding a motion for summary disposition under MCR 2.116(C)(10).

3. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — BREACH OF CONTRACT — TORTS.

A breach of an employment contract does not give rise to a tort

claim where the breach of duty is indistinguishable from the breach of contract.

*Ronald Reosti,* and *Mark Granzotto,* for plaintiff.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana* and *James R. Kohl*), for defendant.

Before: SULLIVAN, P.J., and WAHLS and CAVANAGH, JJ.

WAHLS, J. Plaintiff appeals as of right from orders of the Wayne Circuit Court granting motions for summary disposition filed by defendant regarding claims for violation of the Michigan Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, breach of employment contract, and negligent work-performance evaluation. We affirm in part, reverse in part, and remand the case for proceedings consistent with this opinion.

The record reveals that plaintiff, James Thomas Mitchell, Jr., was hired by defendant, General Motors Acceptance Corporation (GMAC), in July, 1972, when he was twenty-five years old. Plaintiff began his employment with GMAC as a field representative and was promoted to the position of credit representative. According to plaintiff's appellate brief, "[a] credit representative is an office worker whose primary responsibility is to contact individuals who are delinquent in making loan payments to GMAC." In June, 1978, plaintiff was diagnosed as having a brain abscess. Brain surgery was performed, rendering plaintiff totally blind for a period of time and resulting in his being classified as legally blind—a classification which, it is asserted by plaintiff on appeal, is due to "lost peripheral vision in [the] right eye." During his illness, plaintiff was placed on a disability leave of

absence. In December, 1979, GMAC agreed to permit plaintiff to return to work on a trial basis, a control-branch manager stating in a letter dated December 6, 1979: "After approximately two months have elapsed, a thorough evaluation will be completed for his performance. This will be a requirement as should he not perform his duties at the required standard, we do not wish to interfere with the continuance of his benefits that have not been used." On January 28, 1980, plaintiff underwent additional surgery, and on February 19, 1980, he signed an agreement with the Michigan Department of Social Services in which he, as a disabled individual eligible for rehabilitation services, acknowledged the need for certain visual-aid equipment for the performance of his work. On March 30, 1980, with the aid of such equipment, plaintiff began his two-month trial period of employment. At the conclusion of the trial period, plaintiff was informed that his performance did not meet the requirements of the job, and he was returned by GMAC to disability status. Plaintiff continued to receive disability benefits until his entitlement to them expired.

On May 5, 1983, plaintiff filed the present lawsuit against GMAC and General Motors Corporation. Summary disposition was granted in favor of General Motors Corporation on the basis that that corporate entity, which is separate and distinct from GMAC, had established no employment or other relationship with plaintiff. Count I asserted a claim under the HCRA, Counts II and III set forth claims for the breach of an employment contract, Count IV maintained a claim for the negligent evaluation of plaintiff's work performance, and Count V asserted a claim of race discrimination under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* On September 13, 1984,

Count v was dismissed pursuant to the parties' stipulation. On April 7, 1987, the trial court granted GMAC's motion for summary disposition regarding Counts I, II, and IV, and on July 6, 1987, the trial court granted GMAC's motion for summary disposition regarding Count III. In this appeal, plaintiff argues that the trial court improperly granted GMAC's motions regarding Counts I, III, and IV.

First, plaintiff argues that the trial court improperly granted GMAC's motion for summary disposition pursuant to MCR 2.116(C)(10) regarding Count I, which alleges a violation of the Handicappers' Civil Rights Act. The standard applicable in deciding motions under MCR 2.116(C)(10) is well established:

> A motion for summary disposition brought under MCR 2.116(C)(10), based on the lack of a genuine issue of material fact, tests whether there is factual support for the claim. In ruling on the motion, the trial court must consider the affidavits, pleadings, depositions, admissions and other documentary evidence submitted by the parties. MCR 2.116(G)(5). The opposing party must show that a genuine issue of fact exists. Giving the benefit of all reasonable doubt to the opposing party, the trial court must determine whether the kind of record that might be developed would leave open an issue upon which reasonable minds could differ. *Weeks v Bd of Trustees, City of Detroit General Retirement System,* 160 Mich App 81, 84; 408 NW2d 109 (1987). A reviewing court should be liberal in finding that a genuine issue of material fact exists. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). A court must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Rizzo, supra* at 371.

The party opposing a motion for summary disposition has the burden of showing that a genuine

issue of disputed fact exists. *Fulton v Pontiac General Hospital,* 160 Mich App 728, 735; 408 NW2d 536 (1987). The opposing party may not rest upon mere allegations or denials in the pleadings but must, by affidavit or other documentary evidence, set forth specific facts showing that there is a genuine issue for trial. MCR 2.116(G)(4). Should the opposing party fail to make such a showing, summary disposition is appropriate. *Fulton, supra* at 375-376; *Rizzo, supra* at 372. [*Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118-119; 421 NW2d 592 (1988), lv den 431 Mich 876 (1988).]

In granting GMAC's motion for summary disposition on this issue, the trial court agreed with GMAC's argument that plaintiff was not covered by the HCRA because his disability was related to his ability to perform duties associated with the job of credit representative. The trial court stated:

It seems clear to this Court that the ability to see is unquestionably related to the ability to perform the tasks of a Claims Representative for GMAC. That being true, the issue of whether or not the Plaintiff could adequately or substantially perform that job becomes moot. The Plaintiff admittedly has difficulty in seeing. The Plaintiff admittedly was legally blind in 1979 and 1980. There is no doubt that this handicap was related to the position that Plaintiff held. That being true, the Handicapper's Act does not apply.

The relevant portions of the HCRA provide:

"Handicap" means a determinable physical or mental characteristic of an individual or a history of the characteristic which may result from disease, injury, congenital condition of birth, or functional disorder which characteristic:

(i) For purposes of article 2, is unrelated to the individual's ability to perform the duties of a

particular job or position, or is unrelated to the individual's qualifications for employment or promotion. MCL 37.1103(b)(1); MSA 3.550(103)(b)(1).

An employer shall not:

(a) Fail or refuse to hire, recruit, or promote an individual because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position.

(b) Discharge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position. [MCL 37.1202(1); MSA 3.550(202)(1).]

Moreover, in *Carr v General Motors Corp,* 425 Mich 313, 315-316; 389 NW2d 686 (1986), the Supreme Court stated that the HCRA applies only to "those whose disability is unrelated to ability to perform the job."

Plaintiff asserts that the trial court erred because it rejected as moot the central issue in the case, namely, whether plaintiff was capable of performing the duties of a credit representative in spite of his ocular handicap. We agree. The plain language of the HCRA indicates that it is the ability of the handicapped person to perform the duties of a particular job or position which must be examined. The trial court in this case made no such examination. GMAC, relying heavily on the language in *Carr* quoted above, argues that plaintiff is not handicapped within the meaning of the HCRA "because [plaintiff's] physical condition is indisputably related to the duties of the job at issue." Like the trial court, GMAC reasons that, because plaintiff's job entails reading, any eye disability plaintiff may have must be related to his ability to perform his job. However, it has never been established

whether plaintiff's handicap is, in fact, related to his ability to perform the duties of a credit representative. The trial court simply states that such a relatedness "seems clear." Plaintiff has maintained that his disability, which he describes as a loss of peripheral vision in his right eye, does not prevent him from reading documents containing small print and would not interfere with his ability to function as a credit representative. In *Carr,* the plaintiff admitted that his handicap was related to his ability to perform the duties of the specific job in question. 425 Mich 323. Plaintiff in this case makes no such admission. In other cases cited in GMAC's appellate brief, the plaintiffs' particular disabilities and the specific jobs in question were thoughtfully examined before determinations were made concerning whether a handicap was or was not related to an individual's ability to perform the duties of a given job. This is also true regarding the case cited in GMAC's supplemental brief. In that case, *Harris v Borman's, Inc,* 170 Mich App 836, 839; 428 NW2d 790 (1988), the majority of a panel of this Court affirmed a trial court's grant of summary disposition in favor of the defendant because the plaintiff's poor eyesight "was undisputedly related to her ability to perform the duties of bakery clerk." This conclusion was reached, however, only after uncontested facts in support of it were set forth. For example, it was stated in *Harris* that the plaintiff, who desired to work as a bakery clerk in a grocery store, had certain specific difficulties performing labeling and weighing duties due to her disability. In the present case, the parties do not agree on whether plaintiff encountered or would encounter difficulties in working as a credit representative, and the trial court, in its written opinion on this issue, states no uncontroverted or undisputed facts in

support of its bald conclusion that plaintiff's eye disability is related to his ability to perform the duties of a credit representative. Indeed, plaintiff seems correct in observing that the trial court based its decision wholly on an abstract conception: that the "ability to see" without any difficulty is related to plaintiff's ability to perform his job. Such an ability, however, could, in the abstract, be related to virtually every job, just as could the ability to move or to hear. It is not in the abstract that a motion such as that filed by GMAC in this case must be decided, however. Rather, the individual handicapped person and the unique job circumstances must be examined.

Accordingly, we find that the trial court's grant of GMAC's motion for summary disposition on Count I of plaintiff's complaint was erroneous.

Second, plaintiff argues that the trial court improperly granted GMAC's motion for summary disposition pursuant to MCR 2.116(C)(10) regarding Count III, which alleges a breach of contract. The trial court granted GMAC's motion on the basis that the agreement between GMAC and plaintiff regarding plaintiff's sixty-day trial period of employment had not created a contract based on GMAC's personnel and other policies, permitting termination for just cause, but rather a contract based merely on GMAC's subjective assessment of, or satisfaction with, plaintiff's performance. In this appeal, plaintiff contends that a genuine issue of fact existed regarding whether the contract between the parties permitted GMAC to refuse to let plaintiff return to his job as a full-time employee based on an objective, and not a subjective, assessment of plaintiff's performance during his sixty-day trial period. We agree.

Our perusal of the record discloses that the trial court based its finding that GMAC was at liberty to

refuse plaintiff's request for full-time employment on certain deposition testimony of plaintiff himself. In his deposition, plaintiff was asked, and answered, the following questions:

> *Q.* Okay, what was to happen after the 60-day period?
> *A.* I would be evaluated.
> *Q.* Okay, and if they . . .
> *A.* And if I was not, if my work was not satisfactory, then I would be returned to disability.

GMAC characterizes plaintiff's response as a concession that the implied contract was a satisfaction employment contract. A satisfaction employment contract is a contract in which an employer agrees to employ a person as long as the employer is satisfied with the person's job performance. *Koehler v Buhl,* 94 Mich 496; 54 NW 157 (1893). Under such a contract, the employer is the sole judge regarding whether the person's job performance is satisfactory. *Schmand v Jandorf,* 175 Mich 88; 140 NW 996 (1913). GMAC, citing *Milligan v Union Corp,* 87 Mich App 179, 181-182; 274 NW2d 10 (1978), asserts that plaintiff was bound by his deposition testimony "and was precluded from offering any testimony to contradict his deposition." In *Milligan,* this Court upheld a grant of summary disposition on the basis that the plaintiff was bound by his deposition testimony that his employment contract was at will.

We find plaintiff's deposition testimony on this issue to be ambiguous. While it could be interpreted as meaning that his agreement with GMAC was a satisfaction contract, it could also be interpreted as meaning that he would return to disability status only if his work was not objectively satisfactory, i.e., only if his work was so deficient as to constitute just cause for termination. In

ruling that the parties' contract was a satisfaction contract, and not one based on the policies and procedures applicable to employees other than plaintiff, the trial court made findings of fact regarding the nature of the contract at issue and the nature of plaintiff's deposition testimony. This was improper, since a trial court may not make findings of fact in deciding a motion for summary disposition under MCR 2.116(C)(10).

Accordingly, we find that the trial court's grant of GMAC's motion for summary disposition on Count III of plaintiff's complaint was erroneous.

Third, plaintiff argues that the trial court improperly granted GMAC's motion for summary disposition pursuant to MCR 2.116(C)(8) regarding Count IV, which alleges the negligent evaluation of plaintiff's performance of work during his sixty-day trial period. The standard applicable in deciding motions under MCR 2.116(C)(8) is well established:

> A motion for summary disposition brought under MCR 2.116(C)(8), failure to state a claim upon which relief can be granted, is tested by the pleadings alone and examines only the legal basis of the complaint. The factual allegations in the complaint must be accepted as true, together with any inferences which can reasonably be drawn therefrom. Unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should be denied. *Beaudin v Michigan Bell Telephone Co,* 157 Mich App 185, 187; 403 NW2d 76 (1986). However, the mere statement of the pleader's conclusions, unsupported by allegations of fact upon which they may be based, will not suffice to state a cause of action. *NuVision v Dunscombe,* 163 Mich App 674, 681; 415 NW2d 234 (1988), lv den 430 Mich 875 (1988). [*Roberts v Pinkins,* 171 Mich App 648, 651; 430 NW2d 808 (1988).]

Plaintiff argues on this issue that the trial court's failure to recognize the validity of his claim for negligent evaluation, based on its rejection of a rule set forth by this Court in *Schipani v Ford Motor Co,* 102 Mich App 606; 302 NW2d 307 (1981), constitutes error. We disagree.

In *Schipani,* a panel of this Court declared that, if a plaintiff states a proper claim in contract for breach of employment contract, he may also state a claim in tort for negligent evaluation of employment duties. 102 Mich App 623, 624. The trial court in the present case specifically declined to accept this rule, noting that it found no cases which followed it and, indeed, had discovered "numerous cases, mostly Michigan Federal District court decisions," which "specifically refused to comply with the *Schipani* ruling." It is well settled that a decision by any panel of the Court of Appeals is binding precedent until contradicted by another panel of this Court or until reversed or overruled by the Supreme Court. *Tebo v Havlik,* 418 Mich 350, 362; 343 NW2d 181 (1984), citing *In the Matter of Hague,* 412 Mich 532; 315 NW2d 524 (1982), and *Hackett v Ferndale City Clerk,* 1 Mich App 6; 133 NW2d 221 (1965).

In several cases decided by post-*Schipani* panels of this Court it has been stated that in an employment setting a tort action arises only where there is a breach of duty distinct from a breach of contract. See, e.g., *Dahlman v Oakland University,* 172 Mich App 502, 506-507; 432 NW2d 304 (1988), lv den 431 Mich 910 (1988); *Sankar v Detroit Bd of Ed,* 160 Mich App 470; 409 NW2d 213 (1987); *Struble v Lacks Industries, Inc,* 157 Mich App 169, 176; 403 NW2d 71 (1986); *Brewster v Martin Marietta Aluminum Sales, Inc,* 145 Mich App 641, 667-668; 378 NW2d 558 (1985). The panel in *Sankar* specifically expressed the belief that "the *Schipani*

Court's recognition of the tort of negligent evaluation should be limited to the particular facts of that case." 160 Mich App 480, n 2. Moreover, other panels of this Court have noted that Michigan law does not recognize a cause of action for the negligent performance of a contract and have followed the rule that a breach of an employment contract does not give rise to a tort claim where the breach of duty is indistinguishable from the breach of contract. See, e.g., *Grant v Michigan Osteopathic Medical Center, Inc,* 172 Mich App 536; 432 NW2d 313 (1988); *Lopus v L & L Shop-Rite, Inc,* 171 Mich App 486; 430 NW2d 757 (1988); *Loftis v G T Products, Inc,* 167 Mich App 787; 423 NW2d 358 (1988); *Squire v General Motors Corp,* 174 Mich App 780; 436 NW2d 739 (1989). Plaintiff in this case did not plead that GMAC breached any duty independent of the alleged breach of contract.

Plaintiff having failed to plead that GMAC breached any duty independent of the alleged breach of contract and the *Schipani* holding having been challenged or rejected by other panels of this Court, we conclude that the trial court's grant of GMAC's motion for summary disposition on Count IV was not erroneous.

To sum up, we reverse the trial court's grant of GMAC's motions for summary disposition regarding Counts I and III of plaintiff's complaint and affirm the trial court's grant of GMAC's motion for summary disposition regarding Count IV.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.