## WOODS v CITY OF WARREN

Docket No. 108526. Submitted January 8, 1990, at Detroit. Decided May 8, 1990. Leave to appeal applied for.

Charles G. Woods and Joanne Woods brought an action in the Macomb Circuit Court against the City of Warren seeking damages for injuries sustained by Charles Woods, a police officer for the City of Center Line, when he pursued a stolen car from the City of Center Line into the City of Warren. The chase ended when both the stolen vehicle and the police vehicle struck a house at the end of a dead end street in Warren, which street was alleged to be snow and ice covered. The trial court, Robert J. Chrzanowski, J., granted defendant's motion for summary disposition on the ground that the "fireman's rule" precluded recovery by plaintiffs. Plaintiffs appealed.

The Court of Appeals *held:*

The facts bring this case within an exception to the "fireman's rule." The hazardous condition of the road was wholly unrelated to the occurrence which required the officer's presence on the road. The road was open to the public and, while the risks encountered by the officer may have been foreseeable, they were not unique to his profession.

Reversed.

NEGLIGENCE — POLICE OFFICERS — FIREMAN'S RULE.

An exception to the rule that fire fighters or police officers may not recover damages for injuries occasioned by the negligence which caused their presence on the premises in their professional capacities applies where, even though a police officer was acting in the course of his employment when he crashed his car after chasing a stolen car on an icy road in the defendant city, the hazardous condition of the road was wholly unrelated to the chase, the road was open to the public, and the risks encountered were not unique to the officer's profession.

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability § 10.

See the Index to Annotations under "Fireman's Rule"; Governmental Immunity or Privilege; Police and Law Enforcement Officers.

*Salvatore D. Palombo & Associates* (by *Salvatore D. Palombo*), for plaintiffs.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Millard Becker, Jr.,* and *Robert D. Goldstein*), for defendant.

Before: DOCTOROFF, P.J., and McDONALD and JANSEN, JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of the Macomb Circuit Court granting summary disposition to defendant pursuant to MCR 2.116(C)(8) on the ground that the "fireman's rule" precludes plaintiffs' cause of action. We reverse.

The facts are not in dispute and are succinctly stated in the trial court's opinion:

On February 2, 1986 at approximately 2:50 A.M., the Plaintiff, Charles Woods, was employed as a police officer for the City of Center Line. Plaintiff was on a regular patrol when he received a radio dispatch that a stolen car was in his vicinity. After spotting the stolen vehicle, Plaintiff engaged in a high speed chase down Lawrence Street. Plaintiff, in pursuit of the stolen vehicle, left the City of Center Line and entered the City of Warren. The chase ended when both the stolen vehicle and Plaintiff's vehicle collided into a residential house at the end of Lawrence Street which dead ends in the City of Warren. Plaintiff's complaint alleges that the ground was snow and ice covered at the time of the pursuit and that Plaintiff slowed the speed of his scout car "in light of the apparent deteriorating road conditions in the City of Warren." Plaintiff maintains that Defendant City was aware of the icy condition that existed on Lawrence Street, failed to warn Plaintiff of the condition and failed to properly remedy the situation.

Plaintiff claims that, even though he was acting in the course of his employment, the scene of the accident was open for public travel and that, therefore, the risk and plaintiff's injuries did not arise out of the inherent dangers of the profession. We agree.

A motion for summary disposition pursuant to MCR 2.116(C)(8) tests only the legal sufficiency of the pleaded claims. *Mitchell v General Motors Acceptance Corp,* 176 Mich App 23, 33; 439 NW2d 261 (1989). The motion should be denied unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Id.*

The "fireman's rule" was set forth in *Kreski v Modern Wholesale Electric Supply Co,* 429 Mich 347, 372; 415 NW2d 178 (1987), as follows:

> [F]ire fighters or police officers may not recover for injuries occasioned by the negligence which caused their presence on the premises in their professional capacities. This includes injuries arising from the normal, inherent, and foreseeable risks of the chosen profession.

In *Kreski,* the Court stated that the scope of the rule "includes negligence in causing the incident requiring a safety officer's presence and those risks inherent in fulfilling the police or fire fighting duties . . . [but] does not include all risks encountered by the safety officer." *Id.* The Court also stated that no attempt was made to "delineate the precise parameters of the rule." *Id.,* p 370. The Court noted that several exceptions have developed in states which employ a fireman's rule and added that the fact situations in *Kreski,* a fire fighter injured when a roof collapsed and a police officer injured falling through a trap door while

investigating a burglary, did not present a situation "in which the injuries occurred when the buildings were open to the public for business." *Id.,* p 371.

In this case, it is clear that the hazardous condition of the road was wholly unrelated to the occurrence which required the officer's presence on the road. Further, the road was open to the public and, while the risks thus encountered may have been foreseeable, they were not unique to plaintiff's profession. We conclude that the fact pattern in this case is an exception to the fireman's rule.

Reversed.